283 So.2d 226 (1973)
Anne Rieves BERNHARDT
v.
Diehlmann C. BERNHARDT.
No. 53210.
Supreme Court of Louisiana.
September 24, 1973.
*227 William H. deLaunay, Jr., Provosty & Sadler, Alexandria, for defendant-applicant.
James A. Hobbs, Jones, Blackwell, Chambliss, Hobbs & Henry, West Monroe, for plaintiff-respondent.
BARHAM, Justice.
Diehlmann C. Bernhardt filed a rule against his former wife, Anne Rieves Bernhardt, to show cause why alimony previously awarded her in a divorce judgment should not be reduced or terminated and child support payments for the two children of the marriage reduced. The defendant-in-rule (respondent) answered, praying for an increase in both awards. After trial on the rule, the trial court rendered judgment reducing the alimony from $1,200.00 per month to $900.00 per month.[1] Plaintiff-in-rule (relator) appealed that judgment, and respondent answered the appeal, asking that the amount for child support awarded in the judgment of divorce, $300.00 per month, be increased. The Court of Appeal, 271 So.2d 342, amended *228 the trial court's judgment and reduced the alimony award from $900.00 per month to $650.00 per month, having found that the trial court's award exceeded the maximum award allowed by Civil Code Article 160, one-third of the husband's monthly income. The Court of Appeal further increased the award of child support from $300.00 per month to $550.00 per month, having found that the evidence reflected an increase in the needs of the two children of the marriage. We granted certiorari on Diehlmann C. Bernhardt's application. 273 So. 2d 836.
At the outset, we note our agreement with relator's arguments regarding one of the issues presented for our review. Relator contends that the Court of Appeal erred in refusing to take judicial notice of Act 98 of the 1972 Regular Session of the Louisiana Legislature. That Act of the legislature amended and reenacted Article 37 of the Louisiana Civil Code to read as follows:
Art. 37. Persons of the age of eighteen years shall be considered of full age and until they attain that age, shall be minors. A person who is eighteen years of age or older shall be regarded as being fully emancipated, shall be considered adults and shall have the same rights, duties, responsibilities and capacities as persons who are twenty-one years of age or older.
At the time that judgment was rendered in the trial court (May 11, 1972), one of the children born of the marriage which formerly existed between the two parties to this action was nineteen years of age. Act 98 became law on July 26, 1972, and relator called the matter to the attention of the Court of Appeal in brief, contending that this legislative enactment ended respondent's right to sue for child support on that child's behalf. The Court of Appeal, in its opinion, stated that it did not consider Act 98 to have any effect on the proceedings before it, since the trial court's judgment was rendered prior to the effective date of Act 98.
It is the opinion of this Court that the Court of Appeal erred in failing to take judicial notice of Act 98, and in failing to amend the award of child support accordingly. The wife has no standing to claim child support for the child who is now a major, having attained the age of eighteen. The Court of Appeal not only refused to take Act 98 into consideration when reviewing the judgment of the trial court, but increased the amount of child support awarded for the benefit of the two children of the marriage from $300.00 per month to $550.00 per month for both children. Finding no abuse in that court's assessment of the per child award, we reduce the amount of the child support awarded by the Court of Appeal by one-half. The major child may bring an action for support in his own right under the general right to support article, Civil Code Article 229, in the event that he feels he is entitled to support from his father.[2]
The second issue presented upon this review concerns relator's contention that the divorce judgment rendered, which contained a "consent" alimony and child support provision, does not constitute an award "previously fixed and determined."[3] Relator relies solely upon Moore v. Moore, 256 So.2d 782 (La.App. Fourth Cir. 1972), *229 which held that the rule requiring a change in circumstances before modification of an alimony award is not applicable where the reduction is sought from a consent judgment, since such a judgment does not constitute and award "previously fixed and determined" by the court.
We are of the opinion that the Fourth Circuit's determination in Moore, supra, is unsound and incorrect. That case is hereby overruled.
Article 160 of the Civil Code authorizes the court, in its discretion, to award alimony after divorce to a wife only when the wife has not been at fault and when she has not sufficient means for her support. If these two conditions are not established, the court does not have the authority to grant alimony after divorce. The award of alimony in this case was contained in the judgment granting respondent a divorce. This evidences the fact that respondent's freedom from fault and her insufficient means were proven to the satisfaction of the court rendering judgment. Relator's consent to the payment of alimony is of consequence only to the extent that such consent is tantamount to a judicial admission on his part of his wife's right to receive alimony, i.e., her freedom from fault and her necessitous circumstances. Having acknowledged judicially his wife's right to receive alimony, relator will not now be heard to complain that proof of an element requisite to the granting of alimony was not made.
It was encumbent upon relator to prove a change in respondent's circumstances, or his own, from the time of the divorce decree to the time of the rule to an extent that further alimony reduction was warranted, other than that already allowed by the trial and appellate courts. The trial court, apparently on the basis of some change of circumstances of the relator, reduced alimony from $1,200.00 to $900.00; the appellate court made a further reduction, finding that the amount awarded by the trial court exceeded one-third of relator's income and required a further reduction to $650.00 per month. Under these circumstances, we affirm the Court of Appeal's judgment with regard to respondent's award of alimony.
The last issue presented four our review concerns relator's contention that the Court of Appeal erred in awarding alimony in the amount of $650.00 per month (which is one-third of his monthly income) to respondent. Relator argues that if respondent is entitled to alimony at all, she is only entitled to alimony for her maintenance, which means primarily food, clothing and shelter, citing Leavines v. Leavines, 224 So.2d 26 (La.App. Fourth Cir. 1969). Respondent's expenses for housing, food, milk, clothing and cleaning for herself and the two children only total $463.65 per month.
We are convinced that the Court of Appeal's award of $650.00 per month alimony for Mrs. Bernhardt is not excessive but is in fact justified. This amount has been proven necessary for her maintenance. Common sense dictates that the term "maintenance", while meaning primarily food, clothing and shelter, does include such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability generated by the alimony payments made to the former wife. Both courts below determined that Mrs. Bernhardt had borne the burden of proving her necessary expenses and established her entitlement to at least the $650.00 amount fixed by the Court of Appeal. We agree with those findings by the courts below.
For the reasons assigned, the judgment of the Court of Appeal is amended, reducing the amount of the child support award one-half to $275.00 per month. The judgment as amended is affirmed. All costs are to be paid by relator.
NOTES
[1] Plaintiff-in-rule abandoned his request for a reduction in child support payments during trial on the rule.
[2] In reducing the amount of the child support, we note that this Court of Appeal has now acknowledged its duty to decide an appeal before it by applying the law which exists at the time it decides the appeal, Jackson v. Jackson, 275 So.2d 456 (1973), and has, in the later case of Hargrove v. Hargrove, 272 So.2d 394 (1973), terminated, in the interest of justice, child support payments to a mother for the benefit of her child who became a major by virtue of Act 98.
[3] If it were claimd that the wife consented to the divorce upon the condition of the payment of alimony, the agreement would fall as being based on an illicit cause. I Planiol, Civil Law Treatise, No. 1261-62 (La.St.L. Inst. transl. 1959).