ELLIS, Judge:
Mrs. Marilyn Cargle Wilson and her husband, Billy R. Wilson, separated on January *1160 2, 1975, and she was granted a separation from bed and board, on the ground of abandonment, on March 7, 1975. In that judgment, Mr. Wilson was ordered to pay $600.00 per month support, and to continue Mrs. Wilson’s coverage under his hospitalization policy.
On April 27,1976, Mrs. Wilson filed a rule for an increase in alimony to $959.00, alleging increased living costs and a salary increase for Mr. Wilson of over $3,000.00 a year. On May 11, 1976, Mr. Wilson, alleging the lapse of more than one year and 60 days since the judgment of separation, sued for a final divorce, and asked that the alimony be reduced to $300.00 per month.
After trial on the merits, judgment was rendered in favor of Mr. Wilson, granting him a divorce. A separate judgment was rendered on the rule, awarding Mrs. Wilson $400.00 per month alimony, from which judgment she has appealed.
Article 160 of the Civil Code provides: “Art. 160. When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“1. The wife obtains a divorce;
“2. The husband obtains a divorce on the grounds that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
“3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
“This alimony shall be revoked if it becomes unnecessary and terminates if the wife remarries.”
Alimony under Article 160 has been characterized as a gratuity or pension, limited primarily to food, clothing and shelter. Frederic v. Frederic, 302 So.2d 903 (La.1974). The Supreme Court has also said that “maintenance” under Article 160, “while meaning primarily food, clothing and shelter, does include such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and the income tax liability generated by the alimony payments made to the former wife.” Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).
In the community property settlement, Mrs. Wilson received $7,000.00 in cash, furniture and clothing valued at about $3,000.00 and a 1972 Chevrolet Impala automobile. After paying her attorney, moving to South Carolina and then back to Natchi-toches, selling most of the furniture, and paying other expenses, she had $3,377.73 remaining. This amount was on deposit in a savings account paying five per cent interest. She testified that she was unable to work because of her health. No medical testimony was offered to substantiate or contradict this statement.
At the time of the trial, Mrs. Wilson was living in Natchitoches, Louisiana, in a two-bedroom apartment for which she paid $155.00 per month rent* Her 19 year old daughter was living with her, and being supported by her while attending trade school. Food for both Mrs. Wilson and the daughter came to $160.00 per month.
She testified to gasoline expense of $43.00 per month, automobile insurance of $18.50 per month, and she estimated repairs at $30.00 per month. In addition, she was paying $50.00 per month for four new tires and other repairs, with a balance due of about $250.00.
Her utilities amounted to $45.73 per month and the telephone bill was $10.60. She testified to medical expenses of $31.00 monthly for medication and $70.00 per month for physicians and dentist. She also estimated hospitalization insurance at $35.00 per month. She estimated Federal and State income tax on her alimony at $76.00 per month. These items total $874.83.
Mr. Wilson’s monthly gross salary as a Postal Inspector is $2,429.58. Total payroll deductions for income tax and $182.22 *1161 retirement are $685.63, leaving $1,743.95 in available ineome. He listed $180.00 for rent, $165.00 for food and household supplies, $30.00 for clothing, $80.00 for transportation, $33.50 for medical, including his hospitalization insurance premium, $17.50 for utilities, $20.00 for laundry and cleaning, $50.00 for personal and grooming necessities, $22.50 for educational expense, and $69.00 for insurance. He also had a total of $489.52 in payments in debts, some of which were incurred prior to or in connection with the separation.
His total expenses were given as $1,157.02, leaving $586.93 available for alimony payments. He testified that he did not believe he should have to pay that much, as he had no allowance for emergencies or savings.
In ruling on the case, the trial judge said: “I think her claim is inflated, of course. She is asking for over nine hundred dollars a month. Mr. Wilson’s net take home is about seventeen hundred dollars a month; but taking into account all of the factors involved in this ease, and the fact that she does have some assets, which the Court finds are not fully sufficient for her maintenance; taking into account the amount Mr. Wilson can reasonably contribute without being unfair to him or unfair to her, the Court will fix it in the amount of four hundred dollars per month, payable in semimonthly installments of two hundred dollars each on the first and fifteenth day of each month, with the first payment being due and payable on July the 1st, 1976.”
As pointed out above, the record shows that Mrs. Wilson is living in a two-bedroom apartment and most of her living expenses reflect the fact that she is supporting her adult daughter. Mrs. Wilson offered no evidence to substantiate her claim of $70.00 per month for doctors’ and dentists’ bills. The trial judge concluded that she needed $400.00 per month for her maintenance, and although this figure may seem low in the light of the husband’s ability to pay, we do not find an abuse of the broad discretion accorded the trial judge in such matters. There is evidence in the record on which this conclusion might reasonably be based.
Mrs. Wilson further contends that the trial judge erred in taking into account the fact that she had assets in excess of $3,300.00. There is no merit in the contention. The wife is not required to deplete her assets entirely in order to become entitled to alimony. However, the court is required to consider all of the circumstances in determining the wife’s right thereto. Frederic v. Frederic, supra.
Mrs. Wilson also contends that, because Mr. Wilson admits that he has $586.93 available for the payment of alimony, he has judicially admitted his liability to pay that amount. No such admission is shown by the record. All Mr. Wilson did was file a document showing his income and expenses, and the amount which he believed would be available for alimony. He did not stipulate or agree to pay that amount.
The judgment appealed from is therefore affirmed, at Mrs. Wilson’s cost.
AFFIRMED.