355 So.2d 999 (1978)
Mrs. Louise Whitfield WILLIS
v.
Bernel W. WILLIS.
No. 8464.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
Writ Refused March 31, 1978.
*1000 George W. Gill, Jr., New Orleans, for plaintiff-appellee.
D. Douglas Howard, Jr., New Orleans, for defendant-appellant.
Before LEMMON, GULOTTA, SCHOTT, BEER and GARSAUD, JJ.
LEMMON, Judge.
Bernel Willis has appealed from a judgment dismissing his rule to discontinue alimony on the basis that his former wife has sufficient means for her maintenance. The principal issue is the applicability of the "change of circumstances" rule.
In August, 1975 Mr. Willis (represented by other counsel) obtained a judgment of divorce by default, on the grounds of passage of one year and sixty days without reconciliation after the judgment of separation. The judgment also awarded alimony to Mrs. Willis at the rate of $150.00 per month, although the pleadings had not placed C.C. art. 160 alimony at issue.[1] There were no children born of the marriage, and child support was not involved.
Apparently Mr. Willis paid alimony thereafter at that rate.[2] In June, 1976 he filed the rule to discontinue alimony which is at issue on this appeal. At the trial of the rule the parties stipulated that Mr. Willis earned a net monthly income of $814.40 as a school teacher and that Mrs. Willis' net monthly income as a teacher was $598.15. Each party also prepared and presented a list of monthly expenses. On the basis of this evidence the trial court dismissed the rule.
On appeal Mr. Willis contends that requiring him to pay alimony in effect reduces his net monthly income to $664.40 and increases Mrs. Willis' to $748.15, or $83.75 higher than his. As to the merits of this contention the three members of the original panel and the five members of this panel agree unanimously that Mrs. Willis has sufficient means for her maintenance and should not be entitled to alimony under C.C. art. 160. However, Mr. Willis' threshold problem in this appeal is whether the default judgment awarding alimony under C.C. art. 160 precludes inquiry into the question of whether Mrs. Willis has sufficient means for her maintenance, absent a showing of a change in circumstances since the default judgment.
In Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) the court held that, even if the C.C. art. 160 alimony award had been set by consent (as apparently occurred here in the default judgment of divorce) and even if the award is patently abusive, the judicial admission of the right to alimony in the amount set in the default judgment on the *1001 facts and circumstances existing at that time precludes reexamination of the award unless the moving party shows a change in his or his former spouse's circumstances since the judgment setting alimony.
There are few absolute rules in law, obviously because human behavior is not generally susceptible of being governed by absolute rules. One of the few absolute rules is that a judgment, if valid when rendered by a court of competent jurisdiction and if not timely appealed, may not be modified or changed in substance by a court at any level, because that judgment has acquired the authority of the thing adjudged.[3] C.C. art. 3556(31). This absolute rule applies even if the judgment was patently incorrect on the facts and the law.
A judgment awarding alimony constitutes an exception to the absolute rule of res judicata, because such a judgment is intended only to adjudicate the present right to alimony under existing facts and circumstances. Since the facts supporting an award of alimony are subject to change, the award is likewise subject to adjustment upon showing of a change in the obligee's needs or the obligor's ability to pay. However, the showing of such a change is required before alimony, once set judicially, can be reexamined.
Mr. Willis argues that it was not necessary for him to show a change in circumstances, since he was not seeking to change the amount of alimony, as was the husband in the Bernhardt case, but was challenging the wife's basic entitlement to any alimony at all.
The rationale of the Bernhardt case was that consent to the judgment constituted a judicial admission by the husband of his wife's freedom from fault and of her necessitous circumstances.[4] Mr. Willis' consent to the default judgment in this case constituted a judicial admission that his wife did not have sufficient means for her maintenance under the facts then existing. He is not entitled to a reconsideration of the sufficiency of her means until he shows that different facts now exist, and he has made no such showing.
The judgment is affirmed.
AFFIRMED
LEMMON, J., concurs and assigns reasons.
GULOTTA, J., dissents and assigns reasons.
SCHOTT, J., dissents and assigns reasons.
BEER, J., also subscribes to the views expressed in the concurring opinion.
LEMMON, Judge, concurring.
I vote to affirm only because I cannot distinguish the Bernhardt case. If I could find a way to reach the merits, I would hold that Mrs. Willis was not entitled to C.C. art. 160 alimony at the time of the 1975 default judgment (judging from the 1973 and 1976 income and expenses) or at the time of the judgment now on appeal.
In my view the Bernhardt decision wrongly characterizes consent to an alimony award as a judicial admission.
When estranged spouses agree to an alimony figure without judicial intervention, this agreement should be regarded as a trial setting, entitled to extremely great weight if later questioned, but not entitled to the absolute status of a judicial admission (which is not usually the intention of the parties).[1] Under the Bernhardt case an oversolicitous *1002 (or underrepresented) spouse who later determines that he or she was too generous in the agreement, has no practical recourse for a substantial period of time. The net result is to discourage alimony settings by consent and to promote distasteful litigation (and in cases of alimony pendente lite such unnecessary litigation often forecloses any chance of reconciliation).
The preferable procedure, in my opinion, is to allow the trial judge (who exercises vast discretion in this area) the discretion to reconsider alimony awards previously set by consent, if the motion makes out a case for reconsideration. Allowing sparing use of discretion will not open flood gates of litigation, while easing the inflexible rule absolutely prohibiting reconsideration will prevent injustice such as occurred in the present case.
GULOTTA, Judge, dissenting.
Where the record clearly establishes nonentitlement to alimony, at the time alimony was initially set, as in this case, no necessity exists to show a change of circumstances. To remain wedded to the "change of circumstances" rule in such a case, as do the majority and the concurrence, results in the perpetuation of an inequitable result. Accordingly, I dissent.
SCHOTT, Judge, dissenting.
In Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973) the issue was, where the divorce judgment contained a consent alimony provision, must the party seeking a modification allege and prove a change in circumstances? Answering affirmatively, the court said:
"Article 160 of the Civil Code authorizes the court, in its discretion, to award alimony after divorce to a wife only when the wife has not been at fault and when she has not sufficient means for her support. If these two conditions are not established, the court does not have the authority to grant alimony after divorce. The award of alimony in this case was contained in the judgment granting respondent a divorce. This evidences the fact that respondent's freedom from fault and her insufficient means were proven to the satisfaction of the court rendering judgment. Relator's consent to the payment of alimony is of consequence only to the extent that such consent is tantamount to a judicial admission on his part of his wife's right to receive alimony, i. e., her freedom from fault and her necessitous circumstances. Having acknowledged judicially his wife's right to receive alimony, relator will not now be heard to complain that proof of an element requisite to the granting of alimony was not made."
Thus, in the instant case, the husband's consent to the judgment awarding his wife alimony at $150 a month was tantamount to a judicial admission on his part of his wife's right to receive alimony at the time the divorce judgment was obtained in August, 1975. The question before us is whether she had that right under Art. 160 to receive alimony at the time of the judgment appealed from. In order to qualify for alimony under the article the wife must be in circumstances where "she has not sufficient means for her support." Since this condition did not exist when the judgment appealed from was taken she had no right as a matter of law to collect any alimony under Art. 160.
Mr. Willis's case is not based on a change of circumstances as in Bernhardt where an attempt was made to reduce alimony, but strikes at her legal right to claim alimony under Art. 160 at the time the rule to discontinue alimony was filed by him. If Mrs. Willis has sufficient means of her support she has no more right to collect alimony under Art. 160 against Mr. Willis than would a perfect stranger.
On this basis I respectfully dissent and would reverse the judgment and order that Mrs. Willis is not entitled to alimony.
NOTES
[1] Alimony pendente lite had been fixed at $150.00 per month in a September, 1972 judgment on a rule ancillary to Mrs. Willis' suit for separation. The fixing was reaffirmed in the November, 1972 judgment of separation and in August, 1973 and November, 1974 judgments dismissing separate rules to reduce.

The evidence taken at the hearing on the default judgment is not in this record. However, since Mrs. Willis did not appear, apparently there was no evidence presented as to her needs or her means. The record does contain evidence of the parties' income and needs in 1973.
[2] At the original hearing this court questioned the authority of the trial court to render a default judgment which exceeded the demand of the petition. See C.C.P. art. 1703. In a supplemental brief counsel for Mrs. Willis pointed out that any right Mr. Willis may have had to annul the default judgment was lost through voluntary acquiescence in the judgment under C.C.P. art. 2003.
[3] If the judgment were absolutely invalid, as perhaps when a wife consented to a divorce on the condition of payment of alimony, then the judgment may be annulled and cannot form a basis for res judicata.
[4] The one-time determination of freedom from fault, of course, may not later be relitigated. However, necessitous circumstances is a continuing requirement for entitlement to alimony, and a determination of necessitous circumstances precludes relitigation only as long as the circumstances existing at the time of the determination continue to exist.
[1] An agreement to a consent judgment in a tort case, for example, is not susceptible to a period of trial by the parties. But if a wife of 25 years, recently separated from her husband, has to file for separation in order to obtain support, her "guesstimate" of need in a consent decree in an alimony rule should not be viewed so absolutely.