376 So.2d 1298 (1979)
Janette Bustamento RAINS, Plaintiff-Appellant,
v.
Troyce Dale RAINS, Defendant-Appellant.
No. 13937.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1979.
*1299 James B. Wells & Associates by James B. Wells, Bossier City, for plaintiff-appellant, Janette Bustamento Rains.
James B. O'Neill, Zwolle, for defendant-appellant, Troyce Dale Rains.
Before PRICE, HALL and JONES, JJ.
HALL, Judge.
The divorced husband and wife both appeal from a judgment of the district court rejecting the wife's petition for an increase in permanent alimony and the husband's petition to terminate alimony. We affirm.
The parties were divorced by judgment rendered July 8, 1978. In that judgment the husband was ordered to pay $75 per month alimony to the wife. Subsequently, the wife petitioned for an increase in alimony from $75 to $500 per month, alleging that the husband's earnings had substantially increased since the original judgment. The husband petitioned to terminate alimony entirely, alleging that the wife was not in necessitous circumstances and that Civil Code Article 160 is unconstitutional under Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). The rules were consolidated and tried on March 22, 1979. The trial court dismissed both rules, finding the circumstances of the parties had changed but not substantially enough to award a change in the alimony set at the time of the divorce. The trial court did not deal with the constitutional issue. Both parties appealed.
There are three issues to be considered on appeal:
(1) The husband's contention that his alimony obligation should be terminated because Civil Code Article 160, which provides alimony only for divorced wives, is unconstitutional in that it discriminates against divorced husbands on the basis of sex alone;
(2) The husband's contention that the wife did not allege or prove she is in necessitous circumstances; and
(3) The wife's contention that the amount of alimony should be increased because of the husband's increased earnings.
FIRST ISSUE
The husband contends that under Loyacano v. Loyacano, 358 So.2d 304 (La.1978), which held that Article 160 alimony is available to divorced wives only, and Orr v. Orr, supra, which held an Alabama statute allowing alimony to wives only unconstitutional because it denied equal protection of the law, Civil Code Article 160 should be declared unconstitutional and the judgment ordering him to pay permanent alimony should be terminated.
Subsequent to Orr and subsequent to the trial of the rules in this case the United States Supreme Court granted writs in Loyacano, vacated the judgment of the Louisiana Supreme Court, and remanded the case to the Louisiana Supreme Court for reconsideration in light of Orr. Loyacano v. LeBlanc, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979). The Loyacano case is presently pending in the Louisiana Supreme Court on remand. Also subsequent to these events Article 160 was amended by Act 72 of 1979, effective June 29, 1979, to provide alimony to either spouse, curing any constitutional infirmity in the codal article which may have existed prior to its amendment.
Even if it were now to be held that prior to its amendment Civil Code Article 160 allowed alimony to wives only and was unconstitutional (and this court does not so hold), this court would not be required or inclined to make the effective date of any termination of alimony retroactive to the date of filing the rule to terminate, nor would this court be required or inclined to apply such a holding to any alimony payments accrued prior to the date such judgment of termination would become definitive. *1300 See Frederic v. Frederic, 302 So.2d 903 (La.1974) and Bruner v. Bruner, 373 So.2d 971 (La.App. 2d Cir. 1979). See also Dripps v. Dripps, 366 So.2d 544 (La.1978). Consequently, since any judgment of this court terminating alimony on the basis of the unconstitutionality of Civil Code Article 160 prior to its amendment would not become definitive or effective until after the effective date of the amendment and since there is no constitutional bar to the wife receiving alimony after that date, the issue of the constitutionality of Article 160 prior to the effective date of the amendment is moot, and need not be passed on by this court.
SECOND ISSUE
The husband contends that alimony should be terminated because the wife did not allege in her rule to increase alimony that she was in necessitous circumstances and did not establish by competent evidence that she is presently in necessitous circumstances.
A wife filing a petition to increase the amount of a previous alimony judgment does not need to specifically allege that she remains in necessitous circumstances. The original alimony judgment necessarily implies a previous finding of necessitous circumstances. Although Willis v. Willis, 355 So.2d 999 (La.App. 4th Cir. 1978), writ refused 356 So.2d 1389 (1978), relied on by the husband, states that necessitous circumstances is a continuing requirement for entitlement to alimony, it is the burden of the spouse opposing the continuance of alimony to allege and prove a change in the circumstances of the party receiving the alimony in this respect.
The husband relies on the fact that the wife received the family home in a settlement after the divorce and the fact that she is now earning over $400 per month as establishing she is no longer in necessitous circumstances. To the contrary, the evidence establishes that the wife's needs for basic maintenance exceed her income. She is not required to sell the home, in which she lives, in order to meet her needs. Gautreaux v. Cormier, 315 So.2d 164 (La.App. 3d Cir. 1975). The wife remains in necessitous circumstances and the husband is not entitled to have his alimony obligation terminated on this basis.
THIRD ISSUE
The final issue is whether the trial court was correct in its determination that the changes in circumstances are not so substantial as to justify a change in the alimony set at the time of divorce. The wife's argument for an increase in alimony is based primarily upon the contention that at the time the alimony judgment was rendered the husband's only income was $58 per week in workmen's compensation benefits which he was receiving and that his earnings were substantially more after he went back to work. The trial court correctly concluded that the probability of the husband recovering and going back to work was undoubtedly taken into consideration in establishing the amount of alimony originally. Although the husband earned approximately $2,800 gross during January and February 1979 working a 12-hour day and seven days a week as a truck driver, his earnings were down substantially at the time of trial because he was unable to work at the same pace due to a bad back which was the result of a previous injury. The husband has remarried and his present wife is not working due to health problems. His expenses are greater than they used to be. On the other hand, the wife who was a temporary school bus driver at the time of the original alimony judgment has become a permanent driver and her earnings have increased.
A judgment awarding alimony is subject to change at any time when the circumstances of the parties justify a change. Kees v. Kees, 292 So.2d 307 (La.App. 1st Cir. 1974). In the present case the trial court correctly determined that although there had been changes of circumstances, the changes offset each other and the changes were not substantial enough to justify a modification. We find no abuse of the trial court's discretion. The judgment *1301 of the district court is affirmed and the costs of appeal are assessed one-half to each party.
Affirmed.