449 So.2d 1192 (1984)
Betty Lois DeVille CREECH, Plaintiff-Appellant,
v.
Graham (Snookie) CREECH, Defendant-Appellee.
No. 16233-CA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
*1193 Herman L. Lawson, Mansfield, for plaintiff-appellant.
Colvin, Hunter, Brown, Plummer & Means by Robert E. Burgess, Mansfield, for defendant-appellee.
Before PRICE, SEXTON and NORRIS, JJ.
PRICE, Judge.
This is a suit for separation. The wife appeals the trial court judgment of separation in favor of the husband on grounds of abandonment and reduction of alimony pendente lite from $750 to $600 per month. The central issue is whether the wife presented sufficient evidence to prove cruel treatment and habitual intemperance on the part of the husband sufficient to constitute grounds for separation.
The wife filed suit for separation and alimony pendente lite, alleging cruel treatment, both physical and mental, and habitual intemperance on the part of her husband. The husband answered the petition and filed a reconventional demand seeking a separation on the basis of the abandonment and cruel treatment of his wife. A consent judgment was subsequently rendered in connection with the alimony pendente lite claim condemning the husband to pay $750 a month. The husband later filed a motion to reduce alimony which was referred to the merits. Trial on both the separation and the alimony rule was held July 27, 1983, and judgment awarding the the husband a separation based on abandonment and reducing the amount of alimony to $600 was subsequently rendered. The wife appeals that judgment contending that the trial court erred in finding that she abandoned the husband without lawful cause and was therefore at fault in the breakup of the marriage, and in reducing alimony pendente lite from $750 per month to $600 per month.
The evidence introduced by the wife to prove her allegations of cruel treatment and habitual intemperance on the part of her husband consisted primarily of her own testimony. She testified with regard to three or four occasions on which her husband had lost his temper and cursed her, and stated that he had also threatened her with a firearm and butcher knife on at least two of these occasions. She testified she thought he was intoxicated a couple of times. Two of her friends testified to having seen red marks on her arms which she had attributed to her husband's violence. As for the habitual intemperance claim, Mrs. Creech testified her husband did not drink more than one or two beers in her presence, but had appeared to be intoxicated when he arrived home on approximately five occasions.
*1194 The husband categorically denied all the claims of his wife, testifying he seldom drank more than one or two beers. The couple's daughter and son-in-law live just across the road from the former family home and saw the Creeches very frequently. They testified they had never seen Mr. Creech drink more than two or three beers at a time and had never known him to be intoxicated. Neither of the wife's witnesses testified to having ever seen Mr. Creech intoxicated.
The general rule is that a plaintiff bears the burden of furnishing the court with proof sufficient to support his demands by a reasonable preponderance of the evidence. Johnson v. Johnson, 296 So.2d 470 (La.App. 2d Cir.1974), writ denied 300 So.2d 183 (La.1974). Furthermore, in the area of domestic relations, much discretion must be vested in the trial judge, particularly in evaluating the weight of the evidence, which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge, having observed the demeanor of the witnesses, is in the better position to rule on their credibility. Pearce v. Pearce, 348 So.2d 75 (La.1977). Thus the factual findings of the trial court are to be accorded great weight on review and will not be disturbed unless the record shows they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In Johnson v. Johnson, supra, this court held that mere uncorroborated testimony of one spouse contradicted by the other does not constitute a preponderance of the evidence required to justify a judgment of separation from bed and board or divorce. Moreover, habitual intemperance is not established by proof of intoxication on two or three occasions. Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4th Cir.1978).
In the instant case, the allegations by the wife, which are denied by the husband, are unsubstantiated. Under these circumstances, the trial court was not clearly wrong in dismissing the plaintiff's claim for separation from bed and board.
On the rule to reduce alimony, the evidence shows that the husband has three sources of income. He is employed as a pumper by G & D Oilwell Servicing Company and as a schoolbus driver for the DeSoto Parish School Board. His third source of income is comprised of royalty payments on certain mineral interests. Part of these payments are community property and part are the husband's separate property.
A reduction of alimony is warranted when the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it. La. C.C. Art. 232. To obtain a reduction in alimony, the party seeking it bears the burden of showing a change in the circumstances of one or both of the parties between the time of the previous judgment and the time of the rule for modification of that judgment. Sonfield v. Deluca, 385 So.2d 232 (La.1980); Whatley v. Whatley, 430 So.2d 129 (La.App. 2d Cir.1983). It is well established that a consent judgment of alimony is not subject to modification unless a change of circumstances supporting the modification is proved. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980).
The husband testified that his employment income was exactly the same at the time of the rule to reduce as it was at the time of the consent judgment. The only change asserted was a change in the amount of royalties received from his separate mineral interests. However, he did not know how much he had received in May 1983 when he consented to pay $750 a month. The sole evidence introduced on this issue was Mr. Creech's testimony that the royalties have "gone down." Since the record does not indicate the total financial criteria upon which the consent award was based, this court cannot make a proper assessment of the reduction of alimony. See Whatley v. Whatley, supra. The husband has therefore failed to show justification for modifying the previous judgment, and it is this court's finding that the trial *1195 court erred in reducing the amount of alimony. This portion of the trial court judgment will therefore be reversed and the original amount of $750 a month will be reinstated.
For the reasons assigned the judgment appealed is affirmed in part and reversed in part, and petitioner-in-rule, Graham Creech, is ordered to continue to pay the sum of $750 (Seven Hundred and Fifty Dollars) per month alimony pendente lite for the support of Betty Lois DeVille Creech.
AFFIRMED IN PART, REVERSED IN PART, and RENDERED.