L. JULIAN SAMUEL, Judge Pro Tem.
Deborah Ann Hebert appeals from a district court judgment terminating permanent alimony payments from her former husband, Dr. Donald Edward Smith.
Ms. Hebert married Dr. Smith in 1974. Subsequently, Dr. Smith adopted Ms. Hebert’s two minor children from a previous marriage. The couple were divorced on September 14, 1982. The divorce judgment decreed Ms. Hebert to be free from fault and awarded her alimony and child support in a lump sum of $1,666.60 a month. By a consent judgment dated December 20, 1982 the original judgment was amended to specify that one-half ($833.30) of the $1,666.60 alimony and child support award, would be allocated to child support and one-half ($833.30) to alimony.
In January, 1983 Ms. Hebert filed a rule for an increase in both child support and permanent alimony. In March, 1983 Dr. Smith filed a rule seeking termination of permanent alimony. The two rules were consolidated and, after a hearing, judgment was rendered on April 14, 1983. In pertinent part, that judgment terminated permanent alimony. Ms. Hebert has appealed.
In this court Ms. Hebert raises only one issue:[1] whether the trial court was correct *1137 in terminating the award of $833.30 in permanent alimony. She contends the evidence was insufficient to show a change of circumstances which would support such a termination.
We do not have the benefit of the reasons for judgment regarding the original award of permanent alimony in September, 1982, or the termination of that award in April, 1983. However it has long been our settled law that alimony after divorce is awarded to a spouse only if that spouse proves that he or she has insufficient means for support. LSA-C.C. art. 160, Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981), writ denied, 404 So.2d 278 (La. 1981). Therefore, we must conclude that the original award of permanent alimony was made upon a finding that Ms. Hebert lacked sufficient means for her support. It follows that to terminate the award of permanent alimony the trial court must have found that Ms. Hebert was capable of supporting herself. We agree with that finding.
There was ample evidence presented at the hearing to support the conclusion that Ms. Hebert’s circumstances had changed and that she is now capable of supporting herself. The testimony and evidence is conclusive in that, in contrast to her situation at the time of the original judgment when she was working sporadically for a nursing pool, at the time of the hearing, Ms. Hebert was employed at two part-time nursing positions, cumulatively working forty hours per week and earning an average hourly wage of $10.71.
In determining whether a spouse has sufficient means for her support the court must consider the needs of the claimant spouse in relationship to his or her income. Among those expenses which should be considered in determining those needs are food, clothing, shelter, automobile expenses, utilities, household expenses, and income tax liability caused by alimony. Oddo v. Oddo, 416 So.2d 241 (La.App. 1st Cir.1982). Ms. Hebert’s own statement of monthly income and pertinent expenses shows the following:
INCOME EXPENSES
(Net Salaries) 1,161 Food 125
Rent 373
Utilities 75
Clothes 100
Gas 50
Car Note 115
Car Insurance 39
TOTAL ”877
These calculations clearly indicate that Ms. Hebert was quite capable of supporting herself.
In addition, at the hearing Ms. Hebert unequivocally testified she could support herself as follows:
“Q. Mrs. Smith, isn’t it a valid statement you are capable of supporting yourself only without the two children?
A. It is valid that I’m capable of supporting myself.
Mr. Rudman:
Objection. The Court has to decide— The Court:
Do you understand the question?
The Witness:
I understand the question, but I mean I think there is more than one answer to that. It depends on the life to which you are accustomed to, yes, I can certainly earn a living as a nurse if that is what she is asking.”
As the last statement above indicates, Ms. Hebert is apparently confusing her needs and sufficient income for her support with her accustomed standard of living prior to her divorce. This confusion is understandable, but it is not the law. To the contrary, “there is no obligation to support the former wife in the manner to which she was accustomed during marriage.” Peraino v. Peraino, 414 So.2d 858 (La.App. 4th Cir.1982).
Appellees demand for damages for frivolous appeal is denied.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.

. Appellant has again remarried. However, she is now seeking only accumulated alimony to the date of her third marriage.