MARVIN, Judge.
From a 1985 judgment revoking $400 monthly permanent alimony awarded in a 1983 judgment, the divorced Ms. Chandler appeals, contending that the alimony was still necessary to her and that Mr. Chandler had not met his burden of proving to the contrary. CC Art. 160.[1] We reverse.
The trial court found that Ms. Chandler, having been separated and paid alimony for over four years, had sufficient time to educate herself and ... to obtain better employment, that she was more physically able to work than Mr. Chandler, and that she had sufficient income for the basic necessities of life.
The record, however, shows that Ms. Chandler has needs of about $1,100 per month and an income of about $450 per month.[2] While the basic necessities for permanent alimony purposes primarily mean food, clothing, and shelter, this term also includes necessary and reasonable expenses for such things as transportation, medical treatment, utilities, operation of the household, and the income tax liability created by the alimony. Bernhardt v. Bernhardt, 283 So.2d 226, 229 (La.1973).
The record also shows that Mr. Chandler agreed that Ms. Chandler cannot financially “keep up” because she makes only the minimum wage. “I told her ... I know you can’t make it. I’m not making it. I’m going in the hole daily.” Mr. Chandler’s monthly income totals $1,233 from social security and from private retirement. His affidavit showed monthly “needs” of almost $1,500. These are adult parties with a grown child or children.
The former spouse that is obligated to pay permanent alimony is entitled to have the obligation judicially revoked only when he or she shows that the obligee spouse is no longer in need, when the alimony becomes unnecessary. Rhinehart v. Rhinehart, 475 So.2d 43 (La.App.2d Cir. 1985). The obligor spouse must prove a change in the respective circumstances of the former spouses since the award, whether the judgment derives from consent or from an adversary proceeding. Creech v. Creech, 449 So.2d 1192 (La.App.2d Cir. 1984).
*622 We recognize that great deference should be given to a trial court’s determination whether the obligor spouse has shown the requisite change of circumstances to modify permanent alimony. Rhine-hart, supra. This record, however, is devoid of evidence that will support the conclusion that the factual circumstances of the parties changed in any significant respect between the time permanent alimony was awarded by the 1983 judgment and the time the 1985 judgment revoking the alimony was signed. There is simply no evidence that Ms. Chandler’s needs decreased or that Mr. Chandler’s ability to pay decreased. Until Mr. Chandler shows a change in Ms. Chandler’s original “need,” where his income remains constant, Mr. Chandler is obligated to pay the alimony. Rhinehart, supra.
The 1983 judgment awarding permanent alimony and the record does not mention that the initial award was to provide Ms. Chandler the time necessary for her to educate and train herself for a better job and we are not here concerned with the amount originally awarded apparently with the consent of the husband. We are concerned only with the change, or lack of change, in either Mr. Chandler’s ability to pay or Ms. Chandler’s needs. Compare Rhinehart, supra; Smith v. Smith, 454 So.2d 1136 (La.App.4th Cir.1984), writ denied.
The former Ms. Smith, at the time she was awarded, by consent of Mr. Smith, $833 monthly permanent alimony, was working only sporadically. When the alimony was terminated she was working 40 hours and earning in excess of $400 a week. Her admission that she was capable of supporting herself, negated, or made unnecessary, her need for the alimony. Mr. Smith met his burden of proof. Mr. Chandler has not. Rhinehart, supra.
At appellant’s cost, the judgment appealed is REVERSED and set aside and judgment is hereby rendered rejecting Mr. Chandler’s demands to revoke or to terminate the alimony awarded, by the judgment of 1983. Appellant is assessed with all costs.

. Permanent alimony "shall be revoked if it becomes unnecessary ...”

. Her monthly income is listed as $406.66 based on 30-35 hours per week. Her "needs” under Bernhardt, supra, at least equal or exceed $900 per month.