DUFRESNE, Judge.
On August 9, 1985, Karen Vix Ellis filed a petition for separation from bed and board against her husband, Everett J. Ellis, III. Following the hearing, judgment was rendered in favor of Mrs. Ellis, awarding her occupancy of the family domicile, sole custody of the children, alimony pendente lite in the sum of $300.00 per month and child support payments of $700.00 per month. Mrs. Ellis has appealed from that portion of the judgment relative to alimony and child support.
Her argument on appeal is that the trial court erred and abused its discretion in the award of alimony pendente lite and child support for Elizabeth Ann, 16 and Everett J., IV, 6. She contends the evidence reflects that Mr. Ellis has the means and ability to provide additional financial support.
LSA-C.C. art. 148 provides as follows:
“If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.” (Emphasis added.)
Before the trial court awards alimony pursuant to Art. 148, the claimant-spouse must not have sufficient income for maintenance. Further, this income must be so inadequate as to provide claimant with the basic necessities of life during the penden-cy of the litigation. If so, the trial court, within its sound discretion, may allow claimant-spouse a sum of money for claimant’s maintenance. In order to arrive at an adequate amount, the claimant’s needs are considered in proportion to the other spouse’s means.
When the trial court examines the other spouse’s means, it should consider all resources of wealth. Means refers to all assets, such as physical property, income from property, income from one’s labor, industry or effort, or any resource from which the necessities and luxuries of life may be supplied.
The purpose of alimony pendente lite is to temporarily provide, pending litigation, for the spouse who does not have sufficient income for his or her maintenance; and in a sense, it is designed to preserve and continue the status quo insofar as maintenance and support are concerned. It relates to facts as they have existed during the time the parties were living together and as they actually exist at the time the litigation commences, not to future possibilities and capabilities.
In Bernhardt v. Bernhardt, 283 So.2d 226 (1973), the Supreme Court outlined the parameters of the term “maintenance”.
“Common sense dictates that the term ‘maintenance’, while meaning primarily food, clothing and shelter, does include such items as reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses and the income tax liability generated by the alimony payments made to the former wife.”
The record reveals that Mr. Ellis had substantial financial resources, however had spent most of this money prior to the break-up of the marriage. Both parties indicated that they spent at a level in excess of their joint incomes.
*1126 Mr. Ellis’ exeessiveness was not restricted to his spending habits, moreover, he admitted to the abuse of alcohol which contributed to the diminution of his financial resources.
We find that Mrs. Ellis has use of the family home and its furnishings, was given $70,000.00 cash by Mr. Ellis to be used to support herself and the children and has $1,000.00 monthly alimony and child support payments.
"The law is clear, that fixing the amount which a spouse should be required to pay is largely within the round discretion of the trial court. The trial judge’s conclusions ordinarily will not be disturbed on appeal unless there has been a clear abuse of this discretion, Shepard v. Shepard, 334 So.2d 745 (La.App. 4th Cir.1976). Because we find no error with the trial court’s discretionary award of alimony pendente lite; we affirm.
Mrs. Ellis contends that the children’s needs greatly exceed the trial court’s award and is not supported by any concrete evidence in the record. However, in fixing that amount of child support, the trial court is vested with considerable discretion. After review of the record, we are not convinced that the trial court abused its discretion in setting the child support, payment at $700.00 per month.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
BOWES, J., dissents with written reasons.