550 So.2d 854 (1989)
Myrtis Gaile Speight CLARY, Plaintiff/Defendant-In-Rule/Appellant,
v.
Ben Joseph CLARY, Defendant/Plaintiff-In-Rule/Appellee.
No. 20,838-CA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1989.
*855 Robert F. Shadoin, Ruston, for appellant.
Vicki L. Green, Monroe, for appellee.
Before HALL, SEXTON and HIGHTOWER, JJ.
SEXTON, Judge.
Plaintiff-in-rule/appellee filed suit to terminate or in the alternative reduce his obligation to pay permanent alimony to defendant-in-rule/appellant on the grounds that appellant was no longer in need of permanent alimony, and that appellee, due to increased expenses, was no longer able to pay permanent alimony. Appellant responded by filing a rule to increase permanent alimony, claiming an increase in both her expenses and appellee's income. The trial court reduced appellee's permanent alimony obligation. We reverse.
Plaintiff-in-rule/appellee, Ben Joseph Clary, and defendant-in-rule/appellant, Myrtis Gaile Speight Clary, were married on September 1, 1958. Four children, all of whom have now reached majority, were born of the marriage.
The parties were legally separated on October 16, 1981, at which time Mr. Clary agreed to pay alimony pendente lite of $700 per month and child support of $400 per month. When the parties were divorced on September 16, 1982, Mr. Clary agreed in a consent judgment to continue to pay $700 per month in permanent alimony. Thus, no evidence was presented at that time on the question of Mrs. Clary's need of, or Mr. Clary's ability to pay, permanent alimony.
On May 11, 1988, Mr. Clary filed the instant rule to terminate permanent alimony, alleging that Mrs. Clary was no longer in need of alimony and that he was no longer able to pay permanent alimony. Mrs. Clary countered by filing a rule to increase permanent alimony by $300 per month, alleging that both her expenses and Mr. Clary's income had increased since 1982.
The rules herein were tried solely on the affidavits of income and expenses, the answers to interrogatories and certain stipulations. After taking the matter under advisement in a written opinion, the trial court refused to terminate Mr. Clary's permanent alimony obligation, finding that Mr. Clary had failed to prove that Mrs. *856 Clary was financially self-sufficient, which would have rendered permanent alimony unnecessary under LSA-C.C. Art. 160 A(4). However, the trial court did find a sufficient change of Mrs. Clary's financial circumstances since 1982, as required by LSA-R.S. 9:311, to allow Mr. Clary a reduction in his alimony payment to $350 per month.
Mrs. Clary appeals, claiming that the trial court erred (1) in reducing her permanent alimony payments, and (2) in not awarding her additional alimony. Mr. Clary answers the appeal, contending that (1) the trial court erred in refusing to terminate his permanent alimony obligation, and (2) in a case involving alimony awarded in a consent judgment, a party should no longer be required to show a change in circumstances in order to obtain a modification of that judgment.

CHANGE IN FINANCIAL CIRCUMSTANCES
Mrs. Clary's contentions on appeal are based on the requirement that the party seeking modification or termination of an alimony award has the burden of proving a change in the financial circumstances of at least one of the parties since the award. LSA-C.C. Arts. 160, 232; LSA-R.S. 9:311; Rhinehart v. Rhinehart, 475 So.2d 43 (La.App. 2d Cir.1985), writ denied, 477 So.2d 692 (La.1985); Creech v. Creech, 449 So.2d 1192 (La.App. 2d Cir.1984); Rains v. Rains, 376 So.2d 1298 (La.App. 2d Cir.1979). This showing is required whether the judgment appealed from derives from consent or from an adversary proceeding. Ducote v. Ducote, 339 So.2d 835 (La.1976); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Rhinehart, supra; Creech, supra; Willis v. Willis, 355 So.2d 999 (La.App. 4th Cir.1978), writ denied, 356 So.2d 1389 (La.1978).
In the instant case, because Mr. Clary consented to the $700 per month award, the trial court did not have the parties' respective financial information before it in 1982. This lack of financial information made it difficult for the trial court to measure actual changes in circumstances. However, the parties stipulated before the trial court in 1988 as to certain facts as they existed both in 1982 at the time of the divorce and in 1988.
In its opinion the trial court noted the stipulation that Mr. Clary's income had increased since the original consent judgment. (The extent of that increase is not disclosed by the record.) The court noted that in 1987 Mr. Clary earned a gross income of $67,032. His second wife, Carole Clary, who is self-employed, earned $2,412, and together they had an adjusted gross income of $60,177. Conversely, Mrs. Clary's income had remained almost the same since 1982.
Also at issue as a possible change in circumstance, in addition to the income of the parties, is the change in the ages of the children and their residences since the time of the divorce judgment. The stipulations reveal that in 1982, all three of the sons were residing with Mrs. Clary: the oldest son was a major and a seminary student at a monastary away from home; the second son was also a major, then 20 years old and living at home, but was employed full-time; and the third son was 16 years old and attended boarding school in Arkansas, his tuition being paid by Mr. Clary. In 1988, only the youngest son, who was then 23 years old, resided with Mrs. Clary. However, he was employed full-time by the Ruston Police Department and was not dependent upon Mrs. Clary for support.
The only change in circumstance upon which the trial court relied to warrant a reduction in alimony was that Mrs. Clary's household was reduced from four people in 1982 to two people in 1988, with the remaining son being a full-time employed major. A reviewing court must give great deference to a trial court's determination of whether the obligor-spouse has shown a change in circumstances sufficient to modify or terminate an alimony award. Rhinehart, supra. Notwithstanding this deference, though, we conclude that the trial court abused its discretion by finding a change in circumstances merely based on the number of people living in Mrs. Clary's household.
*857 In 1982, all three of Mrs. Clary's sons "resided" with her. This designation of residing is deceiving, though, since one son was a major child who actually lived at a monestary and apparently received no support from Mrs. Clary; one, although living at home, was a full-time employed major; and the only minor residing at home was in fact attending boarding school, the tuition being paid by Mr. Clary. The only child that Mrs. Clary was legally obligated to support in 1982 was the minor child, and there is no evidence in the record of what support she actually provided for him. In 1988, there were no minor children at home, and only one major child who was employed full-time and to whom Mrs. Clary owed no obligation of support. Therefore, the only actual support obligation of which Mrs. Clary has been relieved since 1982 is the support of her minor child who did not even live with her full-time when he was a minor.
There are a number of Louisiana appellate court decisions finding that a child's reaching the age of majority is a significant change in circumstance when determining the need for a modification or termination of an alimony award. See Boswell v. Boswell, 501 So.2d 972 (La.App. 2d Cir. 1987); Gibson v. Gibson, 464 So.2d 914 (La.App. 4th Cir.1985); Martin v. Martin, 457 So.2d 189 (La.App. 2d Cir.1984); Laporte v. Howell, 452 So.2d 420 (La.App. 3rd Cir.1984); Green v. Green, 432 So.2d 959 (La.App. 4th Cir.1983); Cromwell v. Cromwell, 419 So.2d 974 (La.App. 3rd Cir.1982). However, in those cases, the minor children who had been living in the custodial spouses' homes had in fact been supported by the custodial spouse.
We also note that in the above-cited cases, there were additional changes in circumstances (along with a child's reaching the age of majority) such as the former wife's obtaining advanced education, an increase in the former wife's income, a decrease in the former husband's income, and the former wife's becoming employed in the interim.
In this case there is no evidence as to how much support Mrs. Clary provided to her youngest son in 1982. The record only shows a stipulation by the parties that Mr. Clary was the parent who paid the child's boarding school tuition. Additionally, we feel that any change in Mrs. Clary's circumstances that has occurred with respect to this child's attaining majority has more than been offset by the termination of Mr. Clary's $400 per month child support obligation upon this youngest child's 22nd birthday.
We thus conclude that the trial court erred in determining that this plaintiff-in-rule has borne the burden of proving a change in financial circumstances sufficient to consider altering the original consent judgment. Bernhardt, supra; Rhinehart, supra; Creech, supra; Rains, supra.
Mrs. Clary, as we have previously noted, seeks an increase in the $700 alimony based on Mr. Clary's increase in income. However, as we have also previously noted, the record does not disclose the extent of that increase. She contends that this increase in Mr. Clary's income, along with the increased cost of living over the past seven years, should enable her to receive a $300 per month increase in alimony. Rising costs of living and the raises that ensue from it do not alone constitute a change in circumstances which would warrant an increase of an alimony award. Ducote, supra; Rhinehart, supra. We are therefore unable to judge the extent of Mr. Clary's raise with respect to inflation on this record. Thus, Mrs. Clary, as reconvenor-in-rule on this issue, has failed to carry her burden.
Furthermore, Mrs. Clary earns a respectable salary and has not shown that she has necessary obligations of an unusual nature or expenses for basic necessities which are unusual. Thus, considering her respectable salary and the fact that she is receiving $700 a month in alimony, she is not entitled to an increase. Harlow v. Harlow, 471 So.2d 895 (La.App. 2d Cir.1985).

NECESSITOUS CIRCUMSTANCES
Mr. Clary's contention that the trial court erred in merely reducing the alimony payments instead of completely terminating *858 them is based on LSA-C.C. Art. 160's requirement that permanent alimony must be revoked if it becomes unnecessary. He notes in his brief that under Ward v. Ward, 339 So.2d 839 (La.1976),[1] and Buxton v. Buxton, 458 So.2d 606 (La.App. 3rd Cir.1984), permanent alimony needs only to be an amount sufficient to provide for a spouse's maintenance. Items which fall within the term "maintenance," which have also been referred to as "basic necessities," have been found by jurisprudence to include food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses, and income tax liability caused by alimony. Loyacano v. Loyacano, 358 So.2d 304 (La.1978), vacated on other grounds, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979), affirmed on remand, 375 So.2d 1314 (La.1979).
Although necessitous circumstances is a continuing requirement for entitlement to alimony, it is still the burden of the spouse opposing the continuance of alimony to allege and prove a change in circumstances of one of the parties since the original alimony award. Rhinehart, supra; Bernhardt, supra; Willis, supra; Rains, supra. When the original alimony judgment is consented to by the obligor spouse, such consent is tantamount to a judicial admission of the obligee spouse's right to receive alimony, i.e., of her freedom from fault and her necessitous circumstances. Once the obligor spouse judicially acknowledges the obligee spouse's right to receive alimony, a court cannot reconsider the obligee spouse's need for the alimony until the obligor spouse proves a change in one of the spouse's circumstances from the time of the original alimony award to the time of the rule for modification. Bernhardt, supra.
In the instant case, there was no evidence presented at the time of the consent judgment of either party's expenses. Consequently, neither party has proven a change in circumstances based on increased or decreased expenses sufficient to warrant a modification of the alimony award. Further, as we previously noted, there has been no showing that Mr. Clary's income has significantly decreased or that Mrs. Clary's income has significantly increased since the consent judgment in 1982.
Obviously recognizing his difficult legal position with respect to the issue of a detrimental change, Mr. Clary vigorously argues through astute counsel that this court should reconsider the requirement that a change in circumstances must be shown before a consent judgment can be modified. Counsel points out that these judgments are agreed to during emotional times, are often not reasonable at the outset, and that it is sometimes impossible for an obligor to show a change in circumstances in order to obtain relief from these judgments that are often onerous.
We recognize that certain authorities agree with this view and are in favor of not characterizing a consent to an alimony award as a judicial admission. See Justice Lemmon's concurrence in Aldredge v. Aldredge, 477 So.2d 73, 75 (La.1985) (Lemmon, J., concurring), as well as then Judge Lemmon's concurrence and the dissents of Judges Gulotta and Schott in Willis, supra. However, the holding of the Louisiana Supreme Court in Bernhardt is well-established and has been consistently followed by the appellate jurisprudence. We are not in a position to overturn this line of cases.[2]
For the foregoing reasons, we conclude that neither party has proven a change in financial circumstances legally sufficient to justify a modification or termination of permanent alimony. Therefore, the judgment of the trial court is reversed, and permanent alimony is reinstated at the original *859 consented-to amount of $700 per month. All costs herein are assessed to Mr. Clary.
REVERSED.
NOTES
[1] Legislatively overruled on other grounds by Act 72 of 1979, amending LSA-C.C. Art. 160. See Arrendell v. Arrendell, 390 So.2d 927, 929 (La.App. 2d Cir.1980).
[2] The author is sympathetic to Mr. Clary's position and absent Bernhardt, supra, would, based on Harlow, supra, be of the view that Mrs. Clary is not entitled to further alimony based on her annual salary of almost $20,100 and her lack of unusual expenses.