JjBROWN, J.
Plaintiff, Dr. Richard Dean Nichols, appeals the trial court’s judgment which modified but did not terminate his obligation of spousal support (commonly referred to as “alimony”). For the following reasons, we reversé in part and terminate Richard’s obligation of bi-monthly support. We affirm, however, that portion of the trial court’s judgment requiring him to maintain medical insurance on his former wife, Susan Nichols.

FACTS AND PROCEDURAL BACKGROUND

Susan Shaw Nichols and Dr. Richard Dean Nichols were married in October 1965; in September 1992, they filed for divorce. As part of the divorce judgment, the community was dissolved with each party receiving approximately $470,000 in assets. Pursuant to a stipulation, Richard was ordered to pay bi-monthly spousal support in the amount of $402.50 and utilities (including cable, water, gas, electricity, and phone); and to maintain hospitalization, automobile and homeowner’s insurance. In the summer of 1998, after Susan loaned her daughter $75,000, Richard informed Susan that he would no longer pay her spousal support. However, Richard did send his former wife a check that was written on one of Susan’s accounts on which Richard still had signatory power.[1] Susan filed a motion and rule for past-due spousal support, court costs, attorney fees and contempt. Richard in turn filed a motion to terminate spousal support, alleging that Susan’s liquid assets had significantly increased since their divorce. A hearing was conducted in which, the trial court modified Richard’s spousal support obligation by eliminating payment of utilities and automobile and homeowner’s insurance. He was still required to pay $402.50 twice a month and maintain hospitalization insurance. Richard filed the instant appeal asserting that all spousal support should have been terminated.
| ^DISCUSSION
La. C.C. art. 112 provides that spousal support shall be revoked if it be *497 comes unnecessary. Further, La. C.C. art. 232 allows the discharge from or reduction of support when it is no longer needed. To prevail in an action to terminate or modify a spousal support award, a party must establish a significant change in circumstances of at least one of the parties since the original award. LaForge v. LaForge, 26,317 (La.App.2d Cir. 01/25/95), 649 So.2d 151.
As neither Susan nor Richard argues that the trial judge erred in modifying spousal support, the court’s finding of a substantial change in circumstances is not disputed. As such, the burden is now Susan’s, the party opposing termination or reduction, to prove the need for spousal support and the facts mitigating against termination or reduction. See McHale v. McHale, 612 So.2d 969 (La.App. 2d Cir.1993).
Spousal support is awarded to a former spouse in need and is limited to an amount sufficient for maintenance as opposed to continuing an accustomed style of living. An award for maintenance or basic necessities includes reasonable expenses for food, shelter, clothing, transportation, medical care, and income tax liability caused by the spousal support obligation. Clary v. Clary, 550 So.2d 854 (La.App. 2d Cir.1989). Factors to consider in determining whether an ex-spouse is in need of alimony include her income, means, earning capacity, assets, the liquidity of the assets, her financial obligations, her health and age and any other circumstances deemed relevant by the court. Settle v. Settle, 25,643 (La.App.2d Cir. 03/30/94), 635 So.2d 456; Green v. Green, 567 So.2d 139 (La.App. 2d Cir.1990).
Testimony was received from Susan, Richard, their three children and a local physician. The evidence revealed that Susan is disabled due to a massive stroke and surgery occurring prior to the divorce. Due to her disability, Susan | sstated that she can not walk well, feel her right hand, remember things or do her own hair or makeup. She also noted that she has problems bathing, writing and recently has fallen down on several occasions.
Susan had been residing in Fairfield, Iowa, near her mother who was helping to take care of her physical needs. Due to her mother’s declining health, Susan and her two daughters moved to Springfield, Missouri. They live within a mile of each other so that the girls can help care for Susan. Both girls work and they use a home health care agency to provide a nurse on a daily basis. This was estimated to cost approximately $516 a week. However, the trial court specifically stated that Susan had not proved that she needed the help of a nurse all day and that a less qualified aide could care for her much of the day; therefore $516 a week was not reasonable.
The record further indicates that Susan’s financial position is very good. According to exhibits entered into the record, Susan’s financial resources are as follows:
Edward D. Jones accounts — $675,716.16
Checking account — $954.30
Savings account — $218.23
Morehouse Parish House — $25,000 (Susan still owns a home in Louisiana)
Loan to Tony — $22,984.25
Gift to Kelly and Terri — $50,000
Cash received — $8,295.46
Iowa residence — $63,500
This represents an increase of approximately $376,000 from the monies Susan received in the partition of the community. The record also establishes that Susan recently gave her daughter Kelly approximately $75,000, her daughter Terri $10,000 and her son Tony $23,000. Even if Susan does not collect the money back from her children, she still has significant assets to provide for her needs.
Based on the record, Susan is not in need of bi-monthly support and we find that the trial court abused its discretion by failing to terminate that portion of LBichard’s spousal support obligation. We realize, however, that Susan’s financial position would greatly differ if she were forced to obtain new hospitalization insurance or pay for medical care directly. *498 Thus, we maintain that portion of the trial court’s judgment requiring Richard to maintain hospitalization insurance covering his ex-wife.

DECREE

For the foregoing reasons, we reverse that portion of the trial court’s judgment continuing Dr. Richard Nichols’ bi-monthly spousal support obligation and affirm that part of the judgment ordering him to maintain hospitalization insurance on Susan Nichols. Costs are assessed in the following manner: one fourth to Richard Nichols; and three fourths to Susan Nichols.
REVERSED IN PART; AFFIRMED IN PART.

. Prior to trial, Richard made current his spousal support obligation from his own account.