53 So.2d 798

**LONG v. LONG.**
**No. 40055.**

June 29, 1951.

650

Racivitch, Johnson & Wegmann, William J. Wegmann, Guy Johnson, New Orleans, for defendant-appellant.

Bentley G. Byrnes, New Orleans, for plaintiff-appellee.

LE BLANC, Justice.

Plaintiff-appellee, Mrs. Helen Elizabeth Walsh Long, filed suit on June 29, 1950 in the Civil District Court for the Parish of Orleans seeking a judgment of separation from her husband, Walter Thomas Long, Sr.

In her petition, she avers that she was married to defendant on July 25, 1936 in

New Orleans, Louisiana, and that the matrimonial domicile has continuously remained in New Orleans. She avers that of their marriage two children were born, Coleen Helen Long, age eight; and Walter Thomas Long, Jr., age four.

She further alleges that she has always been a kind and dutiful wife to defendant and has given him no cause or provocation for ill treatment, but that defendant has been guilty of such gross, cruel and inhuman treatment towards her as to cause her great mental anguish and suffering. She then sets out several instances of such treatment. She finally alleges that on the night of June 28, 1950, he left the matrimonial domicile and that she has reason to believe he has permanently abandoned her and the two children.

In her prayer, plaintiff asks for a judgment of separation "a mensa et thoro" from the defendant, Walter Thomas Long, Sr.; that a rule nisi issue ordering said defendant to show cause why she should not be granted alimony, pendente lite, of $350 per month, and permanently thereafter; that a temporary restraining order issue, restraining and preventing defendant from alienating, transferring, encumbering or disposing of any of the community property forming the community of acquets and gains existing between them; that an inventory of the assets forming part of the said community be taken in the manner and form prescribed by law; and that she be allowed reasonable attorney's fees taxable against the community, as costs.

A temporary restraining order was issued commanding the defendant to refrain and desist from transferring, alienating or encumbering any of the community property described in the petition and from molesting plaintiff or annoying or causing bodily injury to her.

On motion of the defendant, this restraining order was amended to permit the orderly functioning of the Long Electrical Supply Company, of which the defendant was general manager and owner of a one-third interest.

Plaintiff filed a motion for a writ of subpoena duces tecum to issue to defendant to produce certain documents such as his personal income tax statement for the year 1949, the partnership income tax statement of Long Electrical Supply Company, for the year 1949, all ledgers, journals, cash disbursement books, cash receipt books, cancelled checks, bank statements belonging to Walter Thomas Long, Sr., and the Long Electrical Supply Company which would reflect their financial condition during the period January 1, 1950 through the date of the filing of the suit.

The defendant then filed a rule to dissolve the injunction on the grounds that it was not necessary to preserve the community property and that plaintiff would not suffer irreparable injury, and that she has an adequate remedy at law.

At the same time he filed an exception of vagueness and no cause or right of action to plaintiff's petition, and also an exception to the writ of subpoena duces tecum.

On July 7, 1950, after trial, the district judge rendered judgment in which he overruled the exception to the writ of subpoena duces tecum; made the rule nisi for a preliminary injunction absolute, forbidding the defendant from transferring, alienating or encumbering any of the community property, with the exception of the Long Electrical Supply Company; awarded alimony pendente lite to the plaintiff in the sum of $250 per month, and further awarded the plaintiff the care, custody and control of the minor children during the pendency of the suit.

On July 12, 1950, the defendant moved the court to refix the alimony pendente lite, urging that the income of the defendant was not sufficient to pay the amount of alimony awarded. The trial judge denied the motion for the reason that no new matters were alleged and no change in conditions shown.

From the judgment rendered and signed on July 7, 1950, the defendant suspensively appealed.

Defendant-appellant does not contend that the wife is not entitled to any alimony, but does urge that the amount awarded by the trial judge is excessive in that it is out of proportion to his *net income*.

■ The evidence is clear that it will cost plaintiff a minimum monthly sum as follows for the maintenance of the two children and herself: $10 for milk, $7 for utilities, $4 for telephone, $1 for water bill, $52.50 for rent, $100 for groceries and washerwoman, $12 for medical bills, $15 for clothes, $12 for drugs, or a total of $213.50 per month. As noted, these figures do not include any allowance for recreation or amusements. The amounts claimed do not appear to be inflated or exaggerated but to the contrary they are quite reasonable. Especially is this so when, as it is shown, one of the children is sickly and requires a special kind of milk food. Therefore, from the point of view of the *needs* of the wife, the award of the trial judge does not appear to be excessive.

Article 148 of the Revised Civil Code provides that the wife may obtain from her husband a sum for her support, *proportioned to her needs* and to the *means of her husband*, if she has not sufficient income for her maintenance pending the suit for separation from bed and board or for divorce.

■ Looking to the means of the husband, we find that he draws a salary of $500 per month from the Long Electrical Supply Company with a $50 per month expense account and receives $12.50 per month from the rental of the two signs situated on real estate owned by the community. In addition, the evidence shows that in the year previous to the filing of

655

this suit, the Long Electrical Supply Company earned a net profit of $14,000 of which amount defendant's share was $4,666.66 and while it is conceded that this amount was reinvested in the business, nevertheless it must be considered in computing the *means* of the husband. Bowsky v. Silverman, 184 La. 977, 168 So. 121. This would amount to approximately $388 per month. The defendant's total monthly income would therefore be $950.50.

The defendant claims the following amounts as necessary monthly expenditures of the community: $187, representing an installment on $5,243.24, owing to the Louisiana Savings Bank and Trust Company for funds invested in the partnership known as the Long Electrical Supply Company; $53, which represents amortization of $4,312.72 owed to the Central Savings & Loan Association for the purchase of two pieces of real estate belonging to the community; $75.73, representing insurance premiums on policies in the name of the wife, the two children and himself; or a total of $315.73. It is doubtful if the amount claimed for insurance premiums should be allowed as a necessary expense of the community since the defendant has a right to change the beneficiary at will, but even accepting these figures as correct and allowing this amount, we still believe the evidence shows that the defendant can afford to pay the alimony awarded by the trial judge. Adding to $315.73 the amount awarded as alimony of $250, we get a total of $565.73. Sub-

tracting this amount from the monthly income of $950.50, we find a balance of $384.77 for the defendant's living expenses.

Therefore, since we do not find the award of the trial judge excessive of the wife's needs, nor out of proportion with the means of the husband, the judgment of the trial court is correct and must be affirmed. Accordingly, it is so ordered.