WICKER, Judge.
Margaret de la Oliva appeals a reduction in the permanent alimony previously awarded her. We reverse.
Margaret and Frank de la Oliva were divorced on June 30,1986, after 27 years of marriage; and Margaret was awarded by consent judgment permanent alimony in the amount of $827.00 per month.[1] Frank filed a rule eight months later to terminate the alimony. He alleged:
the circumstances between these parties has seriously changed, there are no longer any minor children residing with the defendant in rule, Margaret de la Oliva and Margaret de la Oliva is capable of working and earning her own support. ...
The hearing officer recommended a decrease in permanent alimony to $413.00 per month, and Margaret requested a trial de novo.
The trial judge heard evidence of Frank’s income and Margaret’s earning capacity; and he rendered judgment in August 1987, reducing the alimony to $400.00 per month, payable through the court with a 3% fee. He outlined his reasons.
Alright. The Court finds that there has been a reduction in Mr. De la Oliva’s income from the date of the original judgment and further that the .... one of the children of the.child of the marriage reached the age of majority and is no longer living in the household of the defendant in rule and that there has been a sufficient change of circumstances proven to justify an inquiry into the parties financial condition. The Court further finds that Mrs. De la Oliva has an income in the form of retirement benefits in the amount of $323.00. She has demonstrated since the date of the original .... the judgment in 1986, that she has the capacity to work on a limited basis, but, the limitation is self imposed, are not at issue. *492 The condition that she has, according to her own testimony, could be improved and her ability to earn an income could be improved if she would quit smoking and follow the advise of the doctor. She chooses, for some strange reason, not to do that. And she can’t hold Mr. De la Oliva responsible for her failure to follow medical advise. She is now employed by Hallmark Card Company. The last paycheck that she received indicated she has an earning capacity of ... a minimum of $229.00 per month. In addition, she has a possibility of some sales from ceramics which is indefinite at this point. Under the circumstances, I think that a reduction in alimony is justified.
Margaret complains that the trial judge erred in admitting testimony relative to Frank’s reduction in income and in reducing her alimony based upon her earning capacity and medical condition, absent proof that her earning capacity and medical condition had changed since alimony was originally set.
FRANK’S INCOME
Frank pleaded changed circumstances but did not specifically plead a reduction in his income.
the circumstances between these parties has seriously changed, there are no longer any minor children residing with the defendant in rule, Margaret de la Oliva and Margaret de la Oliva is capable of working and earning her own support. ...
Margaret objected to the admission of testimony on this issue, arguing that it went beyond the pleadings. The trial judge ruled that Frank’s pleadings could be read broadly enough to encompass an income reduction.
We agree that the pleading filed by Frank did not properly raise the issue of his decreased earnings and that this issue was not properly before the trial court. Both the majority and dissenting judges in a recent case from our circuit agree that some allegations of diminished income must be pleaded before testimony on that issue can be received. Saxena v. Saxena, 518 So.2d 1098 (La.App.1987).
MARGARET’S EARNING CAPACITY
The grounds for a change in a support order are provided by law:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. La.R.S. 9:311 A.
When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted. La.C.C. art. 232.
In support of his claim for reduction Frank alleges, and Margaret admits, that the remaining minor child of the marriage had reached majority shortly after the judgment awarding permanent alimony. He does not show, however, how this fact affects Margaret’s earning capacity or is otherwise a sufficient change in circumstances.
The party seeking to modify a previous consent judgment of support has the burden of proving a sufficient change in circumstances. Creech v. Creech, 449 So.2d 1192 (La.App. 2d Cir.1984). We find as a matter of fact that Margaret’s ability to support herself had not changed since the consent judgment was entered.
Margaret testified that she was first hospitalized with emphysema about 1976. She conceded that she still smoked against doctor’s orders and that her condition was affected by the smoking.
Whenever I have real bad pain or cough up blood, I go and see a doctor, otherwise, there’s nothing they can do unless I quit smoking. It’s my own fault, I guess, but I continue to keep it, you don’t get rid of it unless, you know. I cannot quit smoking.
Frank’s attorney tried to establish, unsuccessfully, that her emphysema would go away if she quit smoking.
*493 Emphysema does not go away.... Yes, I would have problems. I will always have these problems. I cannot keep up. I lose my breath, I cough a lot....
Margaret testified that she was not employed at the time of the divorce and that she had had five different part-time jobs recently. One job was selling pillows in a shopping mall for a month at Christmas. Three jobs were as a barmaid. She was fired from all three and believed it was because of her coughing. The other job was arranging greeting cards on a rack. She listed a monthly gross income of $229.00 on her income and expense list. She worked only when the company called her, however; and she hadn’t been called in a month. She had sold at one time some ceramics that she had made. She testified, however, that was not a regular thing and that she had had to give up making ceramics because the dust aggravated her emphysema.
Frank testified that Margaret had coughing fits and pains in her chest and that her condition had deteriorated. He also testified that she didn’t comply with her doctor’s orders regarding her condition. Pam Stoufflet, Frank’s and Margaret’s daughter, testified that her mother had had emphysema for four or five years and coughed so badly that she couldn’t talk or do anything while the coughing fits lasted. She also testified that her mother coughed up blood. She had seen her mother have coughing fits at work. She did concede that her mother still smoked. She saw her mother about twice a week and her mother was coughing every time she saw her. Mary Mae Siebenkittel, Margaret’s friend, testified she saw Margaret almost every day. Frank told her once that Margaret had the lungs of an 80-year-old woman, and once Mrs. Siebenkittel had to rush Margaret to the hospital because she was vomiting blood. She had visited Margaret on the job and all she did was cough. She really couldn’t work with the coughing.
It is true ... that an ex-wife’s earning capacity is to be considered in assessing her entitlement to permanent alimony, and that an ex-wife who is reasonably equipped to work should do so. LSA-C.C. Art. 160. However, in seeking a reduction or termination of permanent alimony on the grounds that a change in financial circumstances has occurred, the party seeking the termination or reduction must establish a significant change or modification in the parties’ circumstances since the time permanent alimony was last modified or set_ Although plaintiff established that Patricia Gray is presently capable of employment, he did not establish that Patricia Gray was incapable of work at the time alimony was set.
Gray v. Gray, 451 So.2d 579, 587 (La.App. 2d Cir.1984) (Citations omitted; emphasis by the court.); writ denied 457 So.2d 13 (La.1984). Accord: Duplantis v. Duplantis, 470 So.2d 480 (La.App. 1st Cir.1985). Margaret may have some minimal capacity to work, but there is no showing that her situation had changed since the consent judgment.
The trial judge is afforded wide discretion in determining alimony awards, and appellate courts will affirm such decisions unless they find an abuse of such discretion. Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cir.1982). In this case we hold there was no change in circumstances proved by legally admissible evidence and there was an abuse of discretion by the lower court. We, therefore, reverse. Frank de la Oliva is ordered to pay the costs of this appeal.
REVERSED.

. Awards of child support and pension rights