579 So.2d 1190 (1991)
Mary K. Crenshaw Vest, Wife of Wayne H. VEST,
v.
Wayne H. VEST.
No. 90-CA-834.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1991.
Rehearing Denied June 17, 1991.
*1191 David L. Colvin, David L. Colvin & Associates, Gretna, for defendant/plaintiff-in-rule/appellant, Wayne H. Vest.
Fred Schroeder, Usry & Weeks, Metairie, for plaintiff/defendant-in-rule/appellee, Mary K. Crenshaw Vest.
Before BOWES, GAUDIN and GOTHARD, JJ.
BOWES, Judge.
Wayne H. Vest appeals from the denial of his rule to terminate alimony, or, in the alternative, to reduce alimony. We affirm.

FACTS
The parties were divorced on March 14, 1984. They entered into a Consent Judgment on July 24, 1985 in which defendant agreed to pay plaintiff alimony of $700.00 per month and to pay the mortgage on the family dwelling. On January 22, 1987, the parties entered into a joint settlement of community property. That agreement contains the following:
"The parties hereto acknowledge that Mary K. Crenshaw Vest is currently receiving permanent alimony pursuant to a judgment of the Twenty-Fourth Judicial District Court dated July 24, 1985, in the matter entitled `Mary K. Crenshaw Vest vs. Wayne H. Vest', Docket Number 276-821 of that Court, and they each and severally declare that, in further consideration of the agreements and covenants made herein and the benefits derived by each of them, they do hereby bind and obligate themselves not to seek modification or termination of this alimony for a period of not less than three (3) years following the execution hereof. However, in the event that Mary K. Crenshaw Vest should enter into a union which would otherwise terminate alimony under provisions of the final paragraph of Revised Civil Code Article 160 (as amended through 1982), or acquire assets by donation or inheritance which are either real property or otherwise capable of producing income, or realize a substantial increase in her assets beyond *1192 those acquired in this community property settlement, then and in the event of any or all of these happenings, Wayne H. Vest shall be free to seek reduction or termination of alimony from a court of competent jurisdiction.
The parties hereto acknowledge that the judgment of alimony referred to in the paragraph immediately above is and shall be modified by this community property agreement to the extent that it provides that Mary K. Crenshaw Vest shall pay that certain promissory note held by South Savings and Loan Association (formerly known as Homeseekers Savings and Loan Association), secured by first mortgage on the real property hereabove described and conveyed by Wayne H. Vest to Mary K. Crenshaw Vest."
On February 7, 1990, defendant filed his rule to show cause to terminate, or, in the alternative, to reduce alimony. Plaintiff filed an opposing rule to increase, which was denied. She did not appeal.

ANALYSIS
LSA-R.S. 9:311 provides as follows:
"A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
B. A judgment for past due support shall not of itself constitute a change in circumstances of the obligor sufficient to reduce an existing award of support."
LSA-C.C. art. 232 provides:
"When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted."
This requirement, that the party seeking modification or termination of an alimony award must prove a change in circumstances of at least one of the parties, is required whether the judgment appealed from derives from consent or from an adversary proceeding. Ducote v. Ducote, 339 So.2d 835 (La.1976); Clary v. Clary, 550 So.2d 854 (La.App. 2 Cir.1989). See also de la Oliva v. de la Oliva, 527 So.2d 491 (La.App. 5 Cir.1988).
Furthermore:
"When the original alimony judgment is consented to by the obligor spouse, such consent is tantamount to a judicial admission of the obligee spouse's right to receive alimony, i.e., of her freedom from fault and her necessitous circumstances. Once the obligor spouse judicially acknowledges the obligee spouse's right to receive alimony, a court cannot reconsider the obligee spouse's need for the alimony until the obligor spouse proves a change in one of the spouse's circumstances from the time of the original alimony award to the time of the rule for modification."
Clary v. Clary, supra at 858, citing Bernhardt v. Bernhardt, 283 So.2d 226 (La. 1973).
The trial court possesses broad discretion in determining matters pertaining to alimony revocation or reduction, and its judgment will not be disturbed absent manifest abuse. Loyacano v. Loyacano, 358 So.2d 304 (La.1978); Jordan v. Jordan, 432 So.2d 314 (La.App. 5 Cir.1983) writ den. 438 So.2d 1111 (La.1983).
First, the husband argues that, subsequent to the consent judgment, plaintiff acquired the family residence and this asset should be considered in determining her eligibility for alimony. However, a spouse is not required to sell her non-liquid assets in order to support herself. Richardson v. Richardson, 540 So.2d 1254 (La.App. 3 Cir. 1989).
Secondly, Mr. Vest argues that because plaintiff's father is paying her automotive expenses and, because he gives her cash from time to time, there is a change in circumstances in that her expenses have decreased. We find that this "circumstance" does not support a reduction in alimony. A spouse's legal obligation *1193 to pay alimony is not obviated by the gratuity of the other spouse's parent. Jordan v. Jordan, supra; Gray v. Gray, 451 So.2d 579 (La.App. 2 Cir.1984) writ den. 457 So.2d 13 (La.1984).
Next, the husband argues that the expenses to which plaintiff testified at the reduction hearing, i.e., educational expenses, wedding expenses and therapy expenses of the major children, and flood damage expenses, are not expenses for the basics of life and should not be considered in determining alimony. There is nothing in the record to show that these expenses were considered in the original consent judgment setting the amount of alimony, nor are these expenses a "change" in circumstances which would warrant a reduction in alimony.
Finally, the obligor spouse argues that plaintiff's failure to "acquire appropriate education, training or employment" is a change in circumstances supporting a reduction in alimony.
The record reflects that Mrs. Vest is a middle-aged woman with an educational level consisting of a G.E.D. certificate. During the marriage, she was unemployed. She sought and obtained employment prior to the termination of the marriage, as a receptionist with Metairie Physical Therapy. At the time of the 1985 consent judgment, she had a gross monthly income of $834.00 and a net monthly income of $712.00. In 1986, Mrs. Vest was hired by Tulane Medical Center, first as an appointment secretary, and then as a physician's secretary. From these jobs, she had a gross income of $1,106.20; however, because of increased payroll deductions, her net income was only $632.30.
The appellant correctly contends that failure to obtain training or education can be a change in circumstances to be raised in a rule to reduce alimony. Ware v. Ware, 461 So.2d 467 (La.App. 5 Cir.1984). Appellant then suggests that appellee's failure to take a typing course to improve her employment opportunities warrants a decrease in alimony. We disagree. We find that appellant has found employment suitable to her age, prior experience and education. We find nothing to support or buttress appellant's contention that Mrs. Vest would have increased her earning capacity by taking a typing course.
Accordingly, we find that, under the circumstances of this case, appellee's failure to obtain additional education is not a change in circumstance which would warrant a reduction in the amount of alimony appellant is obligated to pay.
For the above-discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant.
AFFIRMED.