CANNELLA, Judge.
The parties, plaintiff, Harry R. Cabral, Jr., and defendant, Barbara Ann Ward Cabral, appeal from two judgments in protracted post-divorce proceedings. We affirm.
In a prior appeal to this court, Cabral v. Cabral, 543 So.2d 952 (La.App. 5th Cir.1989), we reversed a trial court ruling denying Mrs. Cabral permanent alimony and awarded her permanent alimony of $1750 per month, retroactive to May 11, 1987. Thereafter, on July 1, 1989, Mrs. Cabral filed a rule for contempt, to make the past due alimony executory, for attorney’s fees and court costs. On November 29, 1989 a supplemental rule for the same relief was filed, along with a rule to increase alimony.
On September 14, 1989, Mr. Cabral filed a rule to terminate alimony. Thereafter, he filed four other rules alleging that Mrs. Cabral owed him the value of/or the return of certain property awarded to him in the community property settlement and requesting certain off-sets to his alimony obligation.
A hearing on all of the above rules was held on August 28, 1991. The trial judge took the matter under advisement and rendered judgment on October 10, 1991, as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the rule filed by Mrs. Cabral for an increase in alimony be dismissed on her own motion.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mr. Cabral’s rule to terminate alimony is hereby denied. Alimony is reduced to $500.00 per month.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the rule to make past due alimony executory filed by Mrs. Cabral is made absolute and accordingly, let there be judgment in favor of Barbara Ann Ward Cabral, and against Harry R. Cabral, Jr., in the full and true sum of $62,750.00, together with interest as provided by law.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the rule for attorney’s fees be made absolute and that Barbara Ann Ward Cabral have judgment in her favor and against Harry R. Cabral, Jr. in the amount of $500.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in connection with Mr. Cabral’s rules filed on September 28, 1989; October 5, 1989; November 15, 1989; and December 5, 1989, he is owed a credit or “offset” in the amount of $7,825.00.
*874 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Mrs. Barbara Ann Ward Cabral is ordered to turn over any of the items (Nos. 1-6) enumerated in Mr. Cabral’s September, 1989 rule, if they are in her custody or under her control, to Mr. Cabral.”
On November 12, 1991 Mrs. Cabral filed a second rule for contempt, to make past due support executory and for attorneys fees and costs. On December 3, 1991 Mr. Cabral filed an Answer and Rule (to terminate alimony). On December 3, 1991 the rules filed by Mrs. Cabral on November 12, 1991 were heard, but not the rule filed by Mr. Cabral earlier that same date. The trial court rendered judgment in open court on December 3, 1991 and read and signed said judgment on December 4, 1991. In the judgment, Mrs. Cabral was awarded $1,000 in arrearages for the months of October and November ($500 per month), with judicial interest and attorneys fees in the amount of $500. It cast Mr. Cabral for costs to be paid directly to the Clerk of Court, due to a previous determination of Mrs. Cabral’s pauper status. The parties appeal from the judgments of October 10, 1991 and December 4, 1991.
ALIMONY
On appeal, Mr. Cabral contends that the trial judge erred in declining to terminate the alimony. Mrs. Cabral contends that the trial judge erred in reducing the alimony obligation from $1750 to $500 per month.
The trial judge based the reduction on Mr. Cabral’s testimony of a reduction in his income due to illnesses which have plagued him since 1985 (a second cancer operation in March 1990, on-going problems with inoperable gallstones, inoperable hernia, emphysema and back injuries sustained prior to 1985). All have contributed to a decrease in his ability to work. Mr. Cabral stated that he began selling assets in 1988, to compensate for his inability to earn the large income (up to $500,000) which he had previously earned before his first cancer operation. He produced an unaudited financial statement for 1989, which he claimed supported his testimony that his 1989 income was $12,052.62. His income tax return, however, showed that he earned $15,000. Mr. Cabral had not done his 1990 income taxes and had not received an estimate from his CPA for 1991. Instead, he produced his checkbook, which indicated that his gross income was $4,900 per month. His expenses included a $622 car note, medical insurance of $775 per month for him and $700 for his present wife. He testified to a mortgage note of $733 per month, and approximately $2,427 in other monthly expenses, totalling $4,524. Mr. Cabral testified that his working hours have decreased until he now only works approximately 30 hours per week, if at all.
Mr. Cabral testified that he and his present wife executed a court approved separation of property contract in 1989. Previously, in 1987, they had executed a similar document, which was never submitted for court approval. He stated that his present wife’s income is passive and that they do not combine their funds.
The trial judge found that the evidence of Mr. Cabral’s income was “sketchy at best and at times self-serving”. She noted that no evidence was presented by him about Mrs. Cabral’s lack of need for alimony, and thus she could only consider his ability to pay. However, the trial judge found that Mr. Cabral has suffered substantial health problems and a change in circumstances since the last judgment, curtailing his ability to work and decreasing his income. She concluded that he was not entitled to a termination of alimony, but was entitled to a reduction to $500 per month.
La.C.C. art. 232 provides that when a person who gives or receives alimony is placed in a situation where “the one can no longer give, or that the other is no longer in need of it”, a discharge of the obligation or a reduction of the alimony may be granted. The party seeking modification or termination of an alimony award bears the burden of proving a change in the financial circumstances of at least one of the parties since the award. La.R.S. 9:311; Vest v. Vest, 579 So.2d 1190 (La. *875 App. 5th Cir.1991), writ denied 586 So.2d 564 (La.1991). However, the trial court is vested with much discretion in matters pertaining to alimony awards. Vest v. Vest, supra; Hogan v. Hogan, 549 So.2d 267 (La.1989). Furthermore, a judgment revoking or reducing an alimentary obligation should not be disturbed in the absence of manifest error. Vest v. Vest, supra.
This case has a long history. The trial judge presided over three days of trial. She saw and considered all of the evidence, documentary and testimony, and she articulated detailed findings of fact. After our review, we conclude that, based on the evidence, the trial judge was not clearly wrong in refusing to terminate alimony or in reducing the alimony. Thus, we affirm the judgment in regard to the reduction of alimony to $500 per month.
ARREARAGES
Mrs. Cabral asserts that the trial judge erred in awarding arrearages in the amount of $62,750 instead of $91,000. She contends that Mr. Cabral failed to pay any alimony and that he owes the full obligation ($1750 per month), which was assessed against him in this court’s previous opinion. Mr. Cabral disagrees.
The trial judge awarded monthly alimony arrearages of $1750 from May 11, 1987 through September 4, 1989, the date of the filing of the petition for reduction.[1] Mr. Cabral admitted that he owed $50,750 at the time he filed the rule. The trial judge then added the arrearage on the $500 alimony award from October 1989 through September 1991, ($12,000). The total ar-rearage found was $62,750. After our review, we find no abuse of the trial judge’s discretion in this determination and we affirm the judgment as to arrearages.
Next, Mr. Cabral appeals the arrear-age and contempt judgment of December 4, 1991. In that judgment, the trial judge found him in arrears in the amount of $1,000 from the October 10, 1991 judgment and in contempt for failing to pay the alimony awarded Mrs. Cabral in that judgment.
Mr. Cabral asserts that he is not liable for the arrearage because the judgment was on appeal and the appeal asserts that the trial judge erred in failing to terminate alimony. For the same reason, he contends that the trial judge erred in holding him in contempt. We disagree. An appeal of an alimony judgment “shall not” suspend the execution of the judgment (La.C.C.P. art. 3943). Furthermore, since we have found that the trial judge did not err in refusing to terminate alimony and in reducing the award to $500, we find no error in the arrearage and the contempt determination. Thus, we affirm the judgment of December 4, 1991 awarding Mrs. Cabral arrearages in the amount of $1,000 and holding Mr. Cabral in contempt of court.
ATTORNEY FEES
Mr. Cabral asserts that the October 10, 1991 judgment erroneously denied him attorneys fees and costs. Mrs. Cabral asserts that the award of attorneys fees in the October judgment is insufficient and requests attorneys fees incurred in this appeal.
La.R.S. 9:375 provides, in pertinent part, that, except for good cause shown, an award of attorneys fees shall be made in a judgment to make executory past-due payments of spousal or child support awards. Consequently, Mrs. Cabral was entitled to the attorneys fees awarded in the October judgment. Further, we find that the trial judge did not abuse her discretion in awarding $500. We also find that, in the judgment of December 4, 1991, the award of $500 was not an abuse of the trial judge’s discretion. Thus, we affirm the judgments of October 10, 1991 and December 4, 1991 in respect to the attorneys fees awarded to Mrs. Cabral. In regard to attorney fees for the appeal herein, we feel that both parties incurred said fees and we do not find said attorneys fees to be warranted to one party and not the other.
*876 In regard to Mr. Cabral, we find that the trial judge did not abuse her discretion in failing to award attorneys fees. Mr. Cabral cites no statutory authority mandating the award of attorneys fees, and the trial judge, who was cognizant of the history of this case, apparently believed that the fees were not warranted. Thus, the two judgments are affirmed in respect to the failure of the trial judge to award attorneys fees to Mr. Cabral.
OFFSETS AND CREDITS
Mr. Cabral next argues that the trial judge erred in not awarding the full amount of off-sets or credits that he requested. Mrs. Cabral asserts that Mr. Cabral is not entitled to any off-sets in a past due alimony proceeding.
In Rauch v. Rauch, 535 So.2d 1317 (La.App. 5th Cir.1988), this court discussed past due alimony and off-set. Following Hartley v. Hartley, 349 So.2d 1258 (La.1977), we held that an off-set is not available when the debt to be off-set against the past-due alimony is not equally liquidated and demandable. However, here the claims involved have been previously partitioned by the court and are distinct, equally liquidated and demandable. Thus, the concept of off-set is applicable.
LOST ITEMS
In his first rule, Mr. Cabral asserts that Mrs. Cabral is in possession of certain items of property which were awarded to him in the partition of community property. Mrs. Cabral admitted having the items at one time, but testified that they disappeared following two incidents, the first, a burglary and the second, entry by Mr. Cabral into her apartment while she was out of town, under a Writ of Sequestration.[2]
La.C.C. art. 2369 provides that “a spouse owes an accounting to the other spouse for community property under his control at the termination of the community property regime”. The revision comments to the article note that this accounting is not predicated on bad faith or fraud in the administration of the community, but the spouse is likened to a co-owner under general property laws. The comments reflect that, as a co-owner, the spouse ought to be accountable for losses or deterioration attributable to his fault.
According to the evidence, the items herein were either removed by a third party, removed by Mr. Cabral, or are still in Mrs. Cabral’s possession. Mr. Cabral testified that he only removed those items on the descriptive list which were in the apartment and which were partitioned to him. Mrs. Cabral testified that she did not have the items. The trial judge ordered Mrs. Cabral to turn over to Mr. Cabral any of the items of which she has custody, but did not order her to pay the value of the missing items to Mr. Cabral. There was nothing in the evidence to indicate that the loss of the items was due to Mrs. Cabral’s fault. Considering the evidence in this matter, we do not find that the trial judge abused her discretion in refusing to credit the past due alimony with the value of these missing items. We, therefore, affirm the trial court judgment in this respect.
FIRE LOSS
[9] Mr. Cabral contends that he is owed an off-set against his alimentary obligation in the amount of $6611 for the fire loss of certain community items. The items were community property and under the control of Mrs. Cabral at the time of the fire. Mr. Cabral negotiated a settlement of the claim with the insurance company for $6611 less than the value for the loss. However, he contends he is entitled to full reimbursement for his share because Mrs. Cabral breached her duty to keep the items safe.
The trial judge denied the off-set based on the evidence that Mr. Cabral settled the claim for less than its value and because there was no showing Mrs. Cabral was negligent in the loss. After our review of the evidence, we find that the trial judge did not abuse her discretion in denying the off-set. Consequently, we affirm this portion of the judgment.
*877 IMPROPER PAYMENT OF ALIMONY PENDENTE LITE
Mr. Cabral asserts he is entitled to a credit in the amount of $5,875 for alimony pendente lite payments, which he made to Mrs. Cabral in 1984, which were later determined by this court to be invalid.[3] The payments were made pursuant to an ex parte order obtained by Mr. Cabral himself. Subsequently, Mrs. Cabral received a court award of $1500 alimony pendente lite, which was increased to $2,000 on appeal. (Cabral v. Cabral 503 So.2d 144 (La.App. 5th Cir.1987). Mrs. Cabral asserts that the credit is not due because the payments were made pursuant to a natural obligation, since the parties were not divorced at the time. She asserts that under La. C.C. art. 1759(1), in effect at the time, “no suit will lie to recover what has been paid, or given in compliance with a natural obligation.”
The trial judge decided that Mr. Cabral was entitled to the credit. We agree and find that the article cited by Mrs. Cabral is not applicable under these facts. Consequently, we affirm the judgment granting Mr. Cabral a credit of $5875, representing the sums he erroneously paid in alimony pendente lite.
INSURANCE PROCEEDS
The parties’ community included the sum of $3900, recovered from an insurance claim for the theft of a Lincoln automobile. Mr. Cabral contends that he is entitled to one-half of the proceeds ($1950). Mrs. Cabral objected, based on a letter in which he agreed to turn over his half to be applied to his alimony pendente lite arrear-ages.
During trial, Mr. Cabral admitted that he agreed to apply his half to his arrearage, but he noted that the amount was awarded to him later in the partition of the community property. In that court proceeding, the trial judge was aware of the letter and apparently reallocated the proceeds to Mr. Cabral in exchange for some other benefit to Mrs. Cabral. Thus, we find no abuse of discretion by the trial judge in granting Mr. Cabral a credit of $1950 representing his half of the insurance proceeds. The judgment is affirmed in this regard.
SANCTIONS
Mr. Cabral filed a supplemental brief urging this court to consider a subsequent ruling in the district court which removed Mrs. Cabral from the status of “pauper” because she was found to be a “woman of means”. He argues the finding as a basis for this court to reverse the alimony determination and terminate his obligation. He also urges consideration of another “misrepresentation” as to his “lifestyle” argued in Mrs. Cabral’s brief, and requests sanctions.
First, we note that proceedings occurring after the matters on appeal are not properly before this court and cannot be considered. Furthermore, the issue of sanctions has not been submitted properly to this court by oral motion at the' beginning of the session in which this case was argued, or by written motion following the formalities of the Uniform Rules of the Louisiana Courts of Appeal. See: Rules 2-7.1 and 2-7.2. We further find that the alleged misrepresentations do not warrant sanctions. Thus, we dismiss his motion for sanctions.

Uniform Rules of the Louisiana Courts of Appeal, Rule 2-7.4-

DECREE
The judgments of October 10, 1991 and December 4, 1991 are hereby affirmed and the motion for sanctions is dismissed. Costs of these proceedings are to be divided between the parties.
JUDGMENTS AFFIRMED; MOTION DISMISSED.
BOWES, J., concurs in part and dissents in part.

. We note the actual date was September 14, 1989.

. A separate action has been filed by Mrs. Cabral against Mr. Cabral relative to the Writ of Sequestration and Mr. Cabral’s removal of property pursuant to that writ.

. Unpublished opinion, Cabral v. Cabral, No. 85-CA-94, rendered June 3, 1985.