THOMAS F. DALEY, Judge Pro Tern.
Mr. Roy Martin appeals the reduction in the alimony pendente lite award he is required to pay his "wife and the amount of his alimony pendente lite arrearages.
Roy Martin and Helen Moyer were married on April 17, 1982. Approximately nine (9) years later, on May 13, 1991, Mr. Martin left the matrimonial domicile. Thereafter, on May 29, 1991, Mr. Martin filed a petition for divorce based upon La.C.C. art. 102, and Mrs. Martin responded by filing a petition for divorce under La.C.C. art. 103 alleging adultery by Mr. Martin. A supplemental petition was then filed by Mr. Martin alleging pre-separation and post-separation fault on the part of Mrs. Martin.
Pending the judgment of divorce, the Mrs. Martin sought and was awarded alimony pendente lite. The judgment awarding the alimony was signed on July 10, 1991, and provided that Mr. Martin was to pay ONE THOUSAND SIX HUNDRED FORTY FIVE ($1,645.00). DOLLARS per month alimony pendente lite retroactive to June 7, 1991, to Mrs. Martin. It was further ordered that Mr. Martin maintain hospitalization insurance on Mrs. Martin and allow her to collect the rent from trailers located on the community property. The rent amounted to approximately ONE THOUSAND FIFTY ($1,050.00) DOLLARS per month.[1]
On October 18, 1991, Mr. Martin filed a “MOTION TO REDUCE ALIMONY PEN-DENTE LITE AND SUSPEND PAYMENTS DURING PERIOD OF ILLNESS AND MOTION TO REDUCE PAYMENTS DUE TO CHANGE OF CIRCUM *546 STANCES AND FOR CREDIT FOR PAIR MARKET VALUE FOR RENTS, UTILITIES AND INCIDENTALS” [sic]. Following a hearing on the motion, the alimony pendente lite obligation was reduced from ONE THOUSAND SIX HUNDRED FORTY FIVE ($1,645.00) DOLLARS per month to ONE THOUSAND ONE HUNDRED ($1,100.00) DOLLARS per month. Mr. Martin now appeals the judgment reducing the alimony pendente lite award asserting that the alimony pendente lite should have been reduced more and/or eliminated. Mr. Martin contends that the trial court erred by attributing to him income from a Sub Chapter S Corporation which he partially owns. In addition, Mr. Martin asserts that the trial court erred by failing to consider Mrs. Martin’s ability to earn income when determining the amount of the alimony award. We disagree with both contentions and accordingly affirm the trial court’s judgment.

ASSIGNMENT OF ERROR NUMBER ONE

Appellant objects to the trial courts attributing to Mr. Martin 1991 income from B & M Machine Works, Inc., (hereinafter referred to as B & B Machine) a Sub Chapter S Corporation of which Mr. Martin owns fifty percent (50%) contending that profit from a Sub Chapter S Corporation should not be considered income for alimony calculation purposes where the owner does not receive a cash distribution. The issue as presented to the court requires an inquiry into the factors which the court should consider when awarding or altering an alimony pen-dente lite award.
Mr. Martin’s income and financial condition were considered by the trial court. The record reflects that the trial judge did attribute fifty percent (50%) of the profits from B & M Machine to Mr. Martin when reviewing his request for alimony pendente lite reduction. In addition to other sources of income, Roy Martin’s 1991 Federal Income Tax Return reflects non wage income of NINE THOUSAND TWO HUNDRED NINETY TWO ($9,292.00) DOLLARS derived from B & M Machine. The tax return of B & M Machine indicated that B & M had gross receipts of FOUR HUNDRED FOURTEEN THOUSAND NINE HUNDRED ONE ($414,901.00) DOLLARS for the calendar year 1991 and a net profit of NINETEEN THOUSAND EIGHT HUNDRED FORTY NINE ($19,849.00) DOLLARS. Mr. William Barbier, Jr., the accountant for B & W Machine testified that the sales and profit for B & M increased in 1992. For the period January through May 1992 as compared to the same period in 1991 sales increased FORTY THREE THOUSAND ($43,000.00) DOLLARS and profit increased TWENTY THREE THOUSAND TWO HUNDRED ($23,200.00) DOLLARS.
The general rule in awarding alimony pendente lite requires that the award be proportionate to the needs of the claimant spouse and the means of the other spouse. If the needs of the claimant exceed the ability of the other to pay, then alimony pendente lite should be fixed at a sum which will as nearly as possible be just and fair to all parties involved. LSA-C.C. Art. 148; Kaplan v. Kaplan, 453 So.2d 1218 (La.App.2d Cir.1984), writ denied, 458 So.2d 484 (La. 1984); Whatley v. Whatley, 430 So.2d 129 (La.App. 2d Cir.1983).
The amount of alimony pendente lite is left largely within the sound discretion of the trial judge and will not be disturbed on appeal unless that discretion has been abused. Khaled v. Khaled, 424 So.2d 370 (La.App. 2d Cir.1982).
Civil Code Art. Ill states:

Art. 111. Alimony pendente lite

If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse, (emphasis added).
Determination of means with which one spouse is to satisfy alimony pendente lite obligation toward claimant spouse is not based solely on income but also on any resource from which wants of life may be supplied, and the entire financial condition of spouse owing such obligation must be examined. Desormeaux v. Montgomery, 576 *547 So.2d 1158 (La.App. 3rd Cir.1991). Appellant’s focus solely on income received for the purpose of awarding alimony pendente lite is misplaced. In Long v. Long, 219 La. 649, 53 So.2d 798 (1951), the court held a husband’s share of net profits of a partnership business, though reinvested in the business, must be considered in computing the means of the husband for the purposes of awarding alimony pendente lite. The profitability of a Sub Chapter S Corporation which Mr. Martin received fifty percent (50%) of the profits from is a factor that the trial court can consider in reviewing appellant’s means to provide maintenance. There is no finding of abuse on behalf of the trial court. Assignment of error number one lacks merit.

ASSIGNMENT OF ERROR NUMBERS TWO AND THREE

Appellant claims that Mrs. Martin is employable and capable of earning income and should not be entitled to alimony pen-dente lite. In the alternative, he asserts alimony pendente lite should be diminished by her earning capacity.
Mrs. Martin testified that during her marriage she never worked outside the home. She assisted Mr. Martin in his business enterprises by storing trailers, selling ducks and chickens, typing for B & M Machine, and performing bookkeeping functions. Between the original alimony award and the reduction hearing, Mrs. Martin collected rents on certain rental property owned by Mr. Martin. Mrs. Martin’s work duties for B & M Machine and her collection of rent and other related responsibilities were terminated by Mr. Martin after the original alimony pen-dente lite award. Mrs. Martin did not voluntarily abandon these duties.
The party seeking to modify a previous judgment of support has the burden of proving a sufficient change in circumstances. de la Oliva v. de la Oliva, 527 So.2d 491 (La.App. 5th Cir.1988); Creech v. Creech, 449 So.2d 1192 (La.App. 2d Cir.1984).
The evidence indicates that Mr. Martin, and not his wife, was the principal wage earner during the marriage. Accordingly, the trial court’s award of alimony pendente lite to Mrs. Martin, with consideration given her immediate employment history, rather than her employability, was appropriate; See Els v. Els, 538 So.2d 1098 (La.App. 5th Cir. 1989). However, Mrs. Martin’s employability would be considered if permanent alimony is requested. See LSA-C.C. art. 160.
Assignments of error two and three lack merit.

ASSIGNMENT OF ERROR NUMBER FOUR

Calculation of Past Due Alimony.

Appellant claims the courts calculation of past due alimony pendente lite was incorrect.
The Judgment on Rule dated August 19, 1992 made executory the sum of TEN THOUSAND EIGHT HUNDRED EIGHTY THREE and %o ($10,883.50) DOLLARS in past due alimony pendente lite. During the hearing the trial judge calculated the arrear-age of Mr. Martin to be EIGHT THOUSAND EIGHT HUNDRED EIGHTY ($8,880.00) DOLLARS. Since there is no reasons given for the differing amounts this court must review the evidence presented to attempt to ascertain the correct calculation.
Mr. Martin paid SIX THOUSAND FIVE HUNDRED TWENTY ($6,520.00) DOLLARS alimony pendente lite through the date of the rule to decrease. Mr. Martin was ordered to pay ONE THOUSAND SIX HUNDRED FORTY FIVE ($1,645.00) DOLLARS per month beginning June 7, 1991. The trial judge reduced the alimony penden-te lite to ONE THOUSAND ONE HUNDRED ($1,100.00) DOLLARS per month retroactive to October 18,1991, the date of filing of the rule.
Consequently, Mr. Martin was obligated to pay alimony pendente lite to Mrs. Martin at a rate of ONE THOUSAND SIX HUNDRED FORTY FIVE ($1,645.00) DOLLARS per month from June 7, 1991, until October 17, 1991, and alimony pendente lite at a rate of ONE THOUSAND ONE HUNDRED ($1,100.00) DOLLARS from October 18, 1991, through July 29, 1992, the date of the hearing.
This court calculates the past due alimony pendente lite as follows:
*548 June 7, 1991 — October 7, 1991
4 @ $1,645 . $6,580.00
October 8, 1991 — October 17, 1991
10 day @ 54.08 per day. $ 540.80
October 18, 1991 — November 6, 1991
20 @ $86.16. $ 723.20
November 7, 1991 — July 6, 1992
8 months @ $1,100. $8,800.00
July 8, 1992 — July 28, 1992 @ $36.16. $ 759.36
Total owed.$17,403.36
Total paid. - 6,520.00
Total due.$10,883.36
The trial award of past due alimony pendente lite is affirmed.
The cost of appeal is assessed to Mr. Martin.

AFFIRMED.

. The parties were divorced by judgment dated May 14, 1992. The trial court determined that both parties were at fault. Mrs. Martin suspen-sively appealed the fault determination and alimony pendente lite continued pending the sus-pensive appeal. See Cassidy v. Cassidy, 477 So.2d 84 (La.1985). The Rule to decrease or terminate alimony pendente lite was filed post divorce during the pendency of the suspensive appeal. The Fifth Circuit Court of Appeal affirmed the trial court's determination of mutual fault; Martin v. Martin, 615 So.2d 1133 (La.App. 5th Cir.) The Louisiana Supreme Court accepted writs and reversed the lower courts. The Supreme Court determined there was insufficient evidence to warrant a finding of fault on behalf of Mrs. Martin. Martin v. Martin, 617 So.2d 1177 (La.1993).