MURRAY, Judge.
| ¶ Defendant Maryland Casualty Company [“MCC”] appeals the trial court’s granting of a preliminary injunction enjoining MCC from prosecuting an action it filed in an Illinois state court against its co-defendant M.H. Detrick Company [“Detrick”].
FACTS AND PROCEEDINGS BELOW
On September 28, 2009, the plaintiff, Rain CII Carbon, L.L.C. [“Rain”] filed the instant suit against Detrick and its insurer, MCC,[1] alleging Detrick had sold Rain a defective brick installation system that had failed, causing a temporary shutdown of Rain’s Norco plant. On October 23, 2009, MCC filed suit against Detrick and Rain in Illinois seeking a declaratory judgment that its policy did not provide coverage for the damages allegedly sustained by Rain.[2] *925 Approximately three weeks later, Rain filed a motion in the instant suit seeking a preliminary injunction preventing MCC from pursuing the Illinois litigation; De-trick joined in the motion. Then, on November 25, 2009, Detrick filed its answer, as well as a cross claim against MCC, in the instant case.
|2The trial court heard oral argument on the motion for preliminary injunction, and rendered judgment on December 11, 2009 granting the motion and enjoining MCC from proceeding with the Illinois declaratory judgment action. MCC filed both the instant appeal and an application for supervisory writs asking this court to vacate the preliminary injunction.[3]
Subsequent to the filing of the appeal and the writ application, the parties entered into mediation. Upon joint motion of the parties, we stayed consideration of the writ application until March 1, 2010 pending the outcome of mediation. On February 23, 2010, the parties entered into a settlement whereby Rain, in exchange for a sum paid by MCC, completely released all its claims against Detrick and MCC. MCC accepted the settlement subject to a reservation of its rights to seek recovery from its insured, Detrick, to the extent that it might be determined that coverage does not exist under MCC’s policy. Pursuant to the settlement, on March 30, 2010, the district court entered an order dismissing with prejudice Rain’s claims against both defendants. In addition, the Illinois court on April 2, 2010, entered an order dismissing Rain without prejudice from the Illinois action.
Pursuant to this court’s order, MCC supplemented its writ application with copies of the district court’s order of dismissal and the Illinois court’s order of dismissal. On April 8, 2010, we granted the writ application and vacated the district court’s anti-suit injunction.[4] Subsequently, however, Detrick moved for rehearing and at that time, apprised this court of the existence of the instant, | spending appeal of the district court’s judgment. We granted rehearing, vacated our prior writ disposition, and dismissed MCC’s writ application on the grounds that the district court’s ruling was a final, appealable judgment.
DISCUSSION

Motion to Strike

MCC’s primary argument on appeal is that the dismissal of the plaintiff Rain’s main demand after the issuance of the preliminary injunction transformed MCC’s Illinois action into the first-filed suit and made the district court’s preliminary injunction inappropriate. In support of this argument, MCC has attached to its brief copies of the aforementioned order of the district court dismissing Rain’s claims and the order of the Illinois court dismissing Rain from that litigation. Detrick, however, has filed a Motion to Strike these attachments to MCC’s brief, as well as MCC’s primary argument, on the basis that an appellate court is precluded from considering any evidence or ruling upon any issue that was not considered or ruled *926 upon by the trial court. Having deferred ruling upon Detrick’s motion until now, we grant the motion.
We agree that proceedings that occurred after the judgment being appealed are not properly before the appellate court and therefore should not be considered. Cabral v. Ward, 609 So.2d 872, 877 (La.App. 5 Cir.1992). See also: State v. Jones, 1997-2593, p. 6 (La.3/4/98), 707 So.2d 975, 978-79; LHO New Orleans LM, L.P. v. MHI Leaseco New Orleans, Inc., 2006-0489, p. 13 (La.App. 4 Cir. 4/16/08), 983 So.2d 217, 226. As a court of record, an appellate court must limit its review to the evidence in the record before it; therefore, the court generally cannot consider any actions of the trial court taken after the granting of the motion |4for appeal. See La. C.C.P. art. 2164; River Parishes Financial Services, L.L.C. v. Goines, 2007-0641, pp. 5-6 (La.App. 5 Cir. 2/6/08), 979 So.2d 518, 521.
Accordingly, although we recognize that the posture of the instant case has changed since the district court’s granting of the preliminary injunction, for purposes of this appeal we consider only whether the trial court properly issued the injunction at the time that judgment was rendered.

Preliminary Injunction

A trial court has broad discretion in the granting or denial of a preliminary injunction, and its decision will not be disturbed on review absent clear abuse of that discretion. Cajun Elec. Power Co-op., Inc. v. Triton Coal Co., 590 So.2d 813, 816 (La.App. 4th Cir.1991). Louisiana jurisprudence clearly supports a trial court, under appropriate circumstances, enjoining the prosecution of a suit subsequently filed in another state involving the same controversy. Id., Transamerica Insurance Company v. Whitney National Bank, 251 La. 800, 806-807, 206 So.2d 500,502-503 (1968). The jurisprudence reflects that courts abhor a multiplicity of lawsuits to settle a single issue, as such actions are expensive for the litigants and result in an unnecessary duplication of judicial time. Cajun Electric Power Co-op, supra, at 816; Bell v. Travelers Indemnity Co., 500 So.2d 828, 831 (La.App. 1st Cir.1986). Because multiple lawsuits are reprobated by jurisprudential rule, it is not necessary to allege or prove irreparable injury when seeking an injunction to enjoin a declaratory judgment action filed subsequent to the initial lawsuit to clarify an issue involved in the original lawsuit. Bell v. Travelers Indemnity Co., supra, at 831.
In Cajun Elec. Power Co-op., Inc. v. Triton Coal Co., supra, this court considered whether the trial court erred when it denied the plaintiffs’ motion for a | (¡preliminary injunction to prevent the defendant from proceeding with a subsequently filed suit in a Wyoming court involving substantially the same parties and the same issues. On March 19, 1991, the plaintiffs filed suit against defendant for breach of contract for the sale of coal to be used in Cajun Electric’s generating facility, alleging a dispute about the interpretation of the price. On March 29,1991, prior to answering the plaintiffs’ suit, defendant filed an action in a Wyoming court naming plaintiffs as defendants. On August 6, 1991, defendant filed an answer and recon-ventional demand against the plaintiffs in the Louisiana suit. Thereafter, plaintiffs filed a motion for preliminary injunction preventing defendant from pursuing the Wyoming suit. In reversing the trial court’s denial of the motion for preliminary injunction, this court stated:
However, we have carefully reviewed the pleadings filed in both the Louisiana and Wyoming courts and find that both arise out of the same controversy; i.e., the dispute over interpretation of the *927 price adjustment clauses in the 1985 contract. The factual situation addressed in both suits are identical; all of the issues asserted in the Wyoming suit are likewise addressed in the main demand and reconventional demand in the court below. There are no issues asserted in the Wyoming action which would not be addressed by the Louisiana court in the action filed here. Further, we can find no distinction in the relief sought in either suit: both seek to obtain the same result.
[[Image here]]
We conclude that the trial court clearly abused its broad discretion in refusing to enjoin Triton from prosecuting the suit in Wyoming. The two suits are clearly duplicative, and permitting both suits to continue only thwarts the legitimate effort to avoid a multiplicity of lawsuits for the benefit of both of the litigants and the courts.
590 So.2d at 817-818.
Analogously, in Transamerica Insurance Company v. Whitney National Bank of New Orleans, supra, the Louisiana Supreme Court noted:
Generally speaking, in situations of this kind, the pendency of another action involving the same set of circumstances has often been determinative. |fiAnd courts generally will either dismiss or stay a subsequent petition for a declaratory judgment. ...
Here the action for relief ... will necessarily settle the identical issue raised in the declaratory action, and the parties are the same parties. There appears to be no sound reason to permit this declaratory action for it promotes multiplicity of suits, which are expensive for the litigants and an unnecessary duplication of judicial time and effort generally to be abhorred by the courts.
206 So.2d at 502.
In the instant case, Rain’s suit seeking damages from Detrick and its insurer, MCC, was filed before MCC filed its declaratory action in Illinois concerning coverage under its policy for the damages alleged sustained by Rain. We agree with the trial court’s finding that the two suits involved the same parties and the same issues. Moreover, MCC’s inclusion of an additional insured as a defendant did not preclude the granting of plaintiffs anti-suit injunction because the only issues alleged in MCC’s declaratory action concerned whether there was coverage under the policy issued to Detrick for the damages sustained by Rain.
Because Rain’s suit was filed first and the two suits involved the same parties and the same issues, we conclude the trial court did not abuse its discretion in granting plaintiffs motion for a preliminary injunction. We therefore affirm that judgment.
Despite this affirmation, however, we cannot ignore the undisputed fact that at present, Detrick and MCC are the only two parties remaining in the litigation, with the sole remaining issue being De-trick’s cross claim seeking coverage and defense from MCC. MCC argues strenuously that, given the current posture of this case, the still-pending Illinois action has become the first-filed suit, and therefore, the preliminary injunction is no longer appropriate and must be vacated. Although MCC urges us to consider this argument in the interest of judicial economy, for the 17reasons heretofore stated we cannot do so until the district court has had an opportunity to decide the issue. We nevertheless recognize that, although this issue belongs in the district court, the parties have been unable to raise it there *928 during the pendency of this appeal because the trial court was divested of jurisdiction over all issues relating to the granting of the preliminary injunction upon its signing of the order of appeal. See La. C.C.P. art. 2088. Under these circumstances, we deem it appropriate and just for us to remand the matter to the district court to consider whether the preliminary injunction should remain in place, be made permanent, or be dissolved, in light of the dismissal of the main demand subsequent to the issuance of the injunction.
CONCLUSION
Accordingly, for the reasons stated, the district court’s December 11, 2009 judgment is affirmed, and the matter is remanded to that court for further proceedings consistent with this opinion.
AFFIRMED AND REMANDED.

. According to the petition, MCC is a Delaware corporation with its principal place of business in Illinois, and Detrick is a Maryland corporation with its principal place of business in Illinois.

. Rain also named a third defendant, Heat Systems, Inc., which potentially is an additional insured under MCC's policy but which is not a party to the instant Louisiana suit.

. The motion for appeal was filed December 18, 2010, and the order of appeal was signed on December 21, 2010, the same day that the writ application was filed.

. We found that, although the trial court had not abused its discretion by issuing the anti-suit injunction, the subsequent dismissal of the plaintiff's claims had changed the posture of the case. Because the only remaining claim in the district court was the cross-claim by Detrick against MCC, which was filed approximately one month after MCC filed its action in Illinois, we concluded that the Illinois action had become the first-filed suit and therefore the district court’s anti-suit injunction was no longer appropriate. Rain CII Carbon, LLC, v. M.H. Detrick Co., 2009-1707 (La.App. 4 Cir. 4/8/10) (unpublished).